Per Curiam.

Where proof of guilt is overwhelming, non-constitutional trial error is prejudicial and, hence, reversible, only if, upon the People’s evidence viewed by the fact finders as credible, there is a significant probability that the jury would have acquitted the defendant had it not been for the error which occurred. (People v Crimmins, 36 NY2d 230.)
Here, the totality of the proof against the defendant, including an inculpatory written statement and oral admissions, held as a matter of law to be voluntary, fingerprint evidence placing him at the victim’s residence, the claimed murder weapon, other physical evidence and defendant’s own admission of presence at the scene, points inexorably to guilt and, if otherwise accepted by those empowered to review the facts, is, under the Crimmins standard, overwhelming.
The claimed error relates to cross-examination designed to impeach and concerning military offenses disciplinary in nature, namely unauthorized absence and disrespect to a superior officer. The error was compounded, in the view of the Appellate Division, by the prosecutor reading from a statement, in the guise of questions, certain inculpatory material tending to refute defendant’s earlier denials.
Even though such cross-examination may have been erroneously permitted (cf. People v Levan, 295 NY 26; see Military Service-Proof-Comment, Ann., 9 ALR2d 606) and the error compounded by the reading from the statements (People v McCormick, 303 NY 403, 404), on the totality of the evidence as credited by the jury, we cannot conclude that the error, if it be that, was such that there is a significant probability that it affected their verdict.
It may be, as is contended, that credibility was a key issue at trial since the defendant admitted his presence at the crime, but claimed he struck the victim only after being attacked with a piece of wood and then only to effectuate his *850 escape, the victim, according to the defendant, being alive and screaming obscenities at him as he left. But it is improbable, in light of the proof of guilt as credited by the jury that the alleged error tipped the scáles against him. In short, there were many reasons why the jury, crediting the People’s proof and the testimony of the People’s witnesses, could have disbelieved the defendant. By way of example, defendant’s version of what occurred at the time of the crime was contradicted in important particulars by his written and oral admissions. And his account of meeting a trooper on the highway after the incident, his recollection about requesting an attorney and the administering of Miranda warnings, and about the injuries to the victim were variously refuted, or so the jury could find.
If the prosecutor’s cross-examination was error, we conclude that it is improbable that it affected the jury’s resolution of the credibility issue against the defendant and the ultimate determination of guilt.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for a review of the facts. (CPL 470.40, subd 2, par [b]; see, also, CPL 470.15, subd 3, par [c].)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion; Judge Cooke taking no part.
Order reversed and case remitted to Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.