THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN R. HICKS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. HICKS, Appellant.—Appeal from judgments of the County Court of Albany County, rendered November 12, 1974, upon verdicts convicting defendants of the crime of assault in the third degree and sentencing them to a term of six months imprisonment. It was not disputed at the trial but that the defendants (brothers) were present in a barroom where the complaining witness was a bartender on May 3, 1974 at about 12:15 A.M. Furthermore, it was not disputed that an altercation commenced and/or occurred between two patrons of said bar at about said time which caused the bartender to come from behind the bar, and that the defendants were not involved in that particular altercation. The record further contains direct evidence which the jury must have accepted to reach its verdict to the effect that as the bartender was quelling the above-mentioned altercation, his arms were grabbed from behind by the defendant Kevin Hicks, and

while his arms were so held he was struck in the face by the defendant, James Hicks' fist. The proof as to a deliberate and intentional assault by James Hicks with an intent to cause physical injury and that such injury was so caused as required by subdivision 1 of section 120.00 of the Penal Law is overwhelming. While both of the defendants took the stand and testified to the effect that they did not at any time grab or strike the bartender, there were at most issues of credibility for the jury. As to the defendant, Kevin Hicks, the sole evidence whereby he could have been guilty of an intentional assault was his grabbing and holding of the bartender prior to the blow or blows struck by his brother. In this regard, section 20.00 of the Penal Law requires that the People must prove that in the context of this case the defendant, Kevin Hicks, had done one of the following: "Solicits, requests, commands, importunes or intentionally aids such person [his brother] to engage in such conduct." It is quite apparent from the record that Kevin Hicks did in fact aid James Hicks insofar as he made the bartender an easy target. Under the facts in this case, the question of intent was for the jury and his conviction should be affirmed. The defendant, James Hicks, in regard to the validity of his conviction contends, *inter alia,* that his identification by eyewitnesses was tainted by virtue of an improper photographic procedure. At a pretrial hearing in regard to the identification procedure, it was established that the police, after a Justice Court at a preliminary hearing had refused to hold the defendants in custody pending Grand Jury action, included the defendants' pictures in a set of 10 pictures which were exhibited to the complaining witness and two other eyewitnesses for the purpose of ascertaining the names of the bartender's assailants. The record does not contain anything about the pictures and the legends thereon which would indicate a reason to believe that there could be a mistaken identification. Furthermore, upon the trial it was established that the eyewitnesses had had ample occasion throughout a period of approximately two hours to observe the defendants in plain view. Upon the present record, the totality of the circumstances surrounding the identification of the defendants by the eyewitnesses does not suggest any reasonable possibility of such a suggestive procedure as to result in an erroneous identification. (Cf. *Stovall v Denno,* 388 US 293.) The remaining contentions of James Hicks as to the validity of his conviction are either without merit or, if error, would not warrant a conclusion that they were prejudicial. (See *People v Perez,* 36 NY2d 848.) Lastly, the defendants contend that the imposition of a sentence of imprisonment for six months was unreasonable and excessive due to mitigating circumstances. The mitigating circumstances relied upon appear to be the fact that the assault occurred in a barroom. Considering the apparent deliberateness of attack upon the bartender by these defendants, the circumstances that it occurred in a barroom would not appear to be of any mitigating value. The defendants received a fair and impartial trial. The charge of the court was legally sufficient. There were no egregious errors and the judgments should be affirmed. Judgments affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.