Gabrielli, J. (dissenting).
I agree with the majority that the trial court erred in the standard used in deciding to allow the defendant to be cross-examined with respect to his prior convictions (see People v Sandoval, 34 NY2d 371, 375). Nonetheless, I would affirm the order appealed from on the ground that this nonconstitutional error was harmless under the facts of this case.
The test for determining whether a particular nonconstitutional error may be considered harmless in a given case is twofold: first, there must be overwhelming evidence of guilt; and, second, the court must be able to find that there does not exist a significant probability that the defendant would have been acquitted absent the error (People v Crimmins, 36 NY2d 230, 241-242). The case before us certainly falls within the bounds of this test. Understandably, the defendant has not *241 challenged the sufficiency of the evidence against him, as indeed would be an impossible task. Without even the evidence produced by the prosecution, there is an abundance of evidence of guilt from the testimony of the defendant himself.
Defendant candidly admitted the act charged, and based his defense on a claim of justification. According to defendant’s testimony, he and Alexander Woods began their quarrel over the ownership of a bicycle in defendant’s apartment. Woods then took the bicycle and returned to his own home. Defendant followed him and entered the Woods’ dwelling where, according to defendant, Woods punched him. Defendant immediately drew his knife and stabbed Woods, leading to an escalation of the altercation including three serious stab wounds inflicted on Woods. The testimony of Woods and his wife clearly demonstrated that the defendant was the aggressor, but need not here concern us, in view of defendant’s own testimony.
Even accepting completely the defendant’s version of the incident, it is abundantly clear that the defendant’s admitted use of deadly physical force cannot be characterized as justifiable under any view of the facts (see Penal Law, § 35.15). Defendant admits that it was he who first drew a weapon and began to stab Woods. This assault upon an apparently weaponless victim took place in the victim’s own home, in response to at most a few curses and a single punch. It appears clear that under these circumstances the defendant’s response was so unreasonably out of proportion to the attack as to negate any claim of justification, as a matter of law. The defendant has completely and effectively defeated his claimed justification by his own testimony.
In view of the overwhelming evidence of guilt, and the absence of any substantial probability that the error influenced the jury’s verdict in light of the defendant’s own inculpatory testimony, I would hold the error harmless (see People v Cook, 42 NY2d 204, 208-209; People v Perez, 36 NY2d 848), and would affirm the order appealed from.
Chief Judge Breitel and Judges Jones and Cooke concur with Judge Fuchsberg; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judges Jasen and Wachtler concur.
Order reversed, etc.