■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE MAIOLO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction for robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the

first degree and unauthorized use of a motor vehicle. The only issue raised on appeal requiring discussion is whether the court erred in its *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371) allowing the prosecution to cross-examine defendant, if he should testify, about an uncharged burglary allegedly occurring in 1981.

The law is well established that a defendant may be cross-examined about any immoral, vicious or criminal acts which have a bearing on his credibility, provided the questions are asked in good faith and upon a reasonable basis in fact *(see generally,* Richardson, Evidence §§ 498-500 [Prince 10th ed]; *People v Kass,* 25 NY2d 123, 125-126; *People v Sorge,* 301 NY 198, 202) and not simply for the purpose of showing defendant's propensity to commit a crime for which he is on trial *(People v Schwartzman,* 24 NY2d 241, 247, *cert denied* 396 US 846). A defendant may be cross-examined as to any criminal act even though he was never convicted or even formally charged with it *(People v Sorge, supra).* Of course, the trial court has wide latitude and broad discretion in ruling on a *Sandoval* motion and balancing the relevancy of the proposed questions with the prejudice to the defendant.

Tested in light of these principles, the court's ruling permitting cross-examination of defendant regarding one of the 1981 uncharged burglaries was proper. Defendant's alleged involvement in the uncharged burglary may have evinced his lack of veracity or intention to place his own interests above those of society and would have been probative of defendant's character and credibility *(People v Duffy,* 36 NY2d 258, 262, *mod* 36 NY2d 857, *cert denied* 423 US 861; *People v Sandoval, supra,* p 377). In any event, if the court's ruling was error it was harmless given the overwhelming evidence of defendant's guilt *(People v Crimmins,* 36 NY2d 230; *People v Perez,* 36 NY2d 848).

We have reviewed the other issues raised on appeal and find them to be without merit. (Appeal from judgment of Oneida County Court, Bergin, J.—burglary, third degree.) Present— Denman, J. P., Green, Pine, Balio and Schnepp, JJ.