▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NED T. JENKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Friedlander, J.), rendered May 30, 1984, convicting him of criminal possession of a forged instrument in the second degree and criminal impersonation in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that he was prejudiced by the prosecutor's inquiry during cross-examination into two of his previous convictions. Although the defendant's request in his omnibus motion for a *Sandoval* hearing (see, *People v Sandoval*, 34 NY2d 371) was granted, the record does not contain a transcript of that hearing or the court's ultimate ruling on the motion. Even if we were to assume that the trial court's ruling was an abuse of its discretion, any error was harmless under the circumstances of this case (see, *People v Perez*, 36 NY2d 848). There is no substantial probability that the jury would have acquitted the defendant even if the prosecutor had

been precluded from questioning the defendant about his previous convictions *(see, People v Crimmins,* 36 NY2d 230). Several witnesses testified that the defendant possessed a bankbook previously reported lost by its owner, Joseph Campagnuolo, that he attempted to withdraw funds from that account, and that he said his name was the name in the bankbook. In addition, the defendant took the stand despite the trial court's ruling *(cf., People v Williams,* 56 NY2d 236).

The trial court did not err in denying the defendant's motion to suppress his statement to the arresting officer, to wit, "I'm the guy in the book". The statement was made after the officer arrived at the bank and asked him "if he was Ned or Ted", and was not the product of custodial interrogation *(see, People v Huffman,* 41 NY2d 29). The defendant's remaining contention has been considered and found to be without merit. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.