(October 24, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOSIE SESSIONS, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered January 30, 1990, which convicted the defendant, upon a jury verdict, of robbery in the second degree and two counts of grand larceny in the fourth degree, and sentenced him to indeterminate terms of imprisonment of from three to nine years on the robbery count and to one to three years on each of the grand larceny counts, unanimously affirmed.

The defendant contends that he was denied due process of law by the trial court's refusal to provide the jury with a charge on intoxication. Although the defendant testified that he had consumed large quantities of alcohol on the day of the robbery, testimony which ordinarily would entitle him to a charge on intoxication (Penal Law § 15.25), his further testimony that he knew the wallet he picked up from the street was not his and that he intended to keep it anyway, constituted an admission that he had the necessary intent to commit larceny. Given the defendant's admission, the trial court properly denied his request for an intoxication charge since there was insufficient "evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" *(People v Perry,* 61 NY2d 849, 850; *People v Rodriguez,* 76 NY2d 918, 920).

The defendant's contention that the court's charge on rob-

bery in the second degree was inadequate is unpreserved and without merit. (CPL 470.05 [2].) The court's charge properly instructed the jury on the elements of the crime which the People were required to prove.

Finally, the People were not required to prove that the defendant knew that the stolen property consisted of a credit card. *(People v Mitchell,* 77 NY2d 624.) The evidence was therefore sufficient to support his conviction of grand larceny in the fourth degree (Penal Law § 155.30 [4]). Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.