■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIO GUZMAN, Appellant. [608 NYS2d 654] —Judgment, Supreme Court, New York County (Richard C. Failla, J.), rendered May 30, 1991, convicting defendant, after a jury trial, of two counts of rape in the first degree, and sentencing him, as a second felony offender, to two concurrent terms of 7½ to 15 years, unanimously affirmed.

Viewing the evidence most favorably to the People, and bearing in mind that credibility is for the trier of facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

Before permitting the child victim to testify via closed-circuit television, the court strictly complied with all the requirements of CPL article 65 *(see, People v Cintron,* 75 NY2d 249, 263-266).

The court's *Sandoval* ruling, permitting inquiry into sale and sale-related possession of drugs, was appropriate *(see, People v Rahman,* 46 NY2d 882), and we find nothing improper about the prosecutor's cross-examination of defendant as to this, or any other, area.

Defendant's remaining contentions are unpreserved and we decline to review any of them in the interest of justice. Were we to review, we would find each of them without merit, because the child's capacity to be sworn was properly determined *(see, People v Parks,* 41 NY2d 36, 39-40), the expert testimony on child sex abuse syndrome was properly limited to a general explanation of victims' untimely disclosures *(see, People v Taylor,* 75 NY2d 277, 292-294), and the prosecutor's summation was based upon evidence in the record. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.