■ JOSEPH MADDEN et al., Respondents, v TRUSTEES OF THE DURYEA PRESBYTERIAN CHURCH, Defendant and Third-Party Plaintiff-Respondent. SUNNYSIDE RESTORATION, Third-Party Defendant-Appellant. [620 NYS2d 424] —In an action to recover damages for personal injuries, etc., the third-party defendant, Sunnyside Restoration, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated January 27, 1993, as granted the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

With one exception that is not applicable here, Labor Law § 240 (1) protects all laborers employed in the erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure, including self-employed independent contractors, even if the owner of the building or structure exercises no supervision, direction, or control over their work *(Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Haimes v New York Tel. Co.,* 46 NY2d 132; *DeMattia v Van Westerhaut Mola Social & Sport Club,* 204 AD2d 594; *Torillo v Kiperman,* 183 AD2d 821; *Crawford v Leimzider,* 100 AD2d 568).

The injured plaintiff established a prima facie case pursuant to Labor Law § 240 (1) by showing that he fell when the unsecured ladder upon which he was descending slipped from underneath him *(see, Bryan v City of New York,* 206 AD2d 448; *Whalen v Sciame Constr. Co.,* 198 AD2d 501; *Dennis v Beltrone Constr. Co.,* 195 AD2d 688; *Rodriguez v New York City Hous. Auth.,* 194 AD2d 460; *Fernandez v MHP Land Assocs.,* 188 AD2d 417). The defendant failed to show that the injured plaintiff's injuries were caused by anything but the unsecured ladder *(see, Gordon v Eastern Ry. Supply, supra).* Furthermore, the recalcitrant worker defense is inapplicable to this case because the injured plaintiff's failure to have someone secure the ladder is not the equivalent of the refusal to use an available safety device *(see, Stolt v General Foods Corp.,* 81 NY2d 918; *Madigan v United Parcel Serv.,* 193 AD2d 1102; *cf., Cannata v One Estate,* 127 AD2d 811). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.