■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL GONZALEZ, Appellant. [640 NYS2d 547] —Judgment, Supreme Court, Bronx County (John Moore, J.), rendered March 27, 1995, convicting defendant, after a nonjury trial, of sexual abuse in the first degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed. The matter is remitted to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Since defendant failed to object, and indeed acquiesced, in the qualification of the People's medical expert and the scope of her testimony, his claim concerning that expert's testimony has not been preserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Smith*, 202 AD2d 366), and we decline to review it in the interest of justice. Were we to review it, we would find that the trial court properly exercised its discretion in qualifying the witness as an expert in the field of child sexual abuse accommodation syndrome and that her testimony was properly admitted to explain why the five-year-old victim did not render a complete account of the incidents at all times when asked (*People v Taylor*, 75 NY2d 277; *People v Guzman*, 202 AD2d 272; *People v Sanchez*, 200 AD2d 363, *lv denied* 83 NY2d 1007).

Defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) was properly denied, since the prosecutor's corrective action in retyping a new indictment containing the counts actually voted by the Grand Jury and then having it signed by the foreperson prior to defendant's arraignment did not render the new document jurisdictionally defective (*cf.*, *People v Cade*, 74 NY2d 410). Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.