■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER BROWN, Appellant. [642 NYS2d 145] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of rape in the first degree and assault in the third degree. Contrary to the contention of defendant, County Court did not err in denying his request to charge the jury on the defense of intoxication (*see*, Penal Law § 15.25; *People v Gaines*, 83 NY2d 925, 927). Although defendant testified that he had consumed alcoholic beverages and drugs on the night in question, "the record is devoid of evidence that [at the time he committed the crimes] the defendant exhibited signs of intoxication or was affected by the alcohol [and drugs] he had consumed" (*People v Powell*, 181 AD2d 923, 924, *lv denied* 80 NY2d 836; *see also, People v Sessions*, 176 AD2d 626, *lv denied* 79 NY2d 864). Indeed, defendant testified that he was not intoxicated, and a friend of defendant who shared the drugs testified that he did not think

that defendant was intoxicated. Moreover, the complainant, defendant's 17-year-old niece, testified that defendant drove her around the City of Rochester for approximately 30 minutes before raping her, during which time he spoke clearly and obeyed all traffic regulations. The complainant further testified that she did not believe that defendant was intoxicated, and that he did not begin acting strangely until after he had raped her.

The court properly denied the motion of defendant to suppress physical evidence seized from his bedroom shortly after his arrest. Defendant's wife allowed the police officer to enter her home and voluntarily consented to the search (*see, People v Cosme,* 48 NY2d 286, 290; *People v Johnson,* 202 AD2d 966, *lv denied* 84 NY2d 827). Defendant's wife identified the clothing worn by defendant on the night in question, and the officer lawfully seized the clothing as evidence of a crime (*see, People v Jackson,* 41 NY2d 146, 149-150; *People v Auxilly,* 173 AD2d 627, 628, *lv denied* 78 NY2d 1125).

The court's *Sandoval* ruling was proper (*see, People v Williams,* 56 NY2d 236, 238-239; *People v Guzman,* 202 AD2d 272; *People v Maiolo,* 122 AD2d 586, *lv denied* 68 NY2d 814). The possession by defendant of an unlicensed firearm and his admitted involvement in drug trafficking have a "logical bearing on the defendant's * * * honesty at the time of trial"; his prior commission of those crimes indicates his willingness to place his interests above those of society (*People v Sandoval,* 34 NY2d 371, 377). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Rape, 1st Degree.) Present—Pine, J. P., Wesley, Balio, Davis and Boehm, JJ.