■ Roy Smith, Respondent, v City of New York et al., Appellants. [656 NYS2d 681] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Lebowitz, J.), entered October 2, 1995, which, upon a jury verdict awarding the plaintiff $700,000 for past pain and suffering and $500,000 for future pain and suffering, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $700,000 to the sum of $300,000 and damages for future pain and suffering from the sum of $500,000 to the sum of $100,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The defendants argue that since the plaintiff's expert was not a psychiatrist he lacked the expertise to diagnose the plaintiff as suffering from conversion hysteria. Initially, the issue of the admissibility of the opinion evidence of the plaintiff's expert, whose qualifications went unchallenged in the Supreme Court, has not been preserved for this court's review *(see, People v Gonzalez,* 226 AD2d 214; *Kwasny v Feinberg,* 157 AD2d 396, 400). In any event, the qualifications of a witness as an

expert is a determination within the sound discretion of the trial court *(see, Kwasny v Feinberg, supra)* and the trial court did not improvidently exercise this discretion in accepting the plaintiff's doctor as an expert. "[A]ny alleged lack of skill or expertise on his part was merely a factor to be considered by the jury" *(De Luca v Kameros,* 130 AD2d 705, 705-706). The fact that the plaintiff's doctor was not a psychiatrist did not go to the admissibility of his testimony, but rather to its weight which was evaluated by the jury *(see, Fuller v Preis,* 35 NY2d 425, 431). Further, the plaintiff's doctor, although not a psychiatrist, had expertise in the field.

To the extent indicated, the damages award deviates materially from what would be reasonable compensation to the plaintiff *(see, e.g., Lauter v Village of Great Neck,* 231 AD2d 553; *Trosty v Mendon Leasing Corp.,* 233 AD2d 318).

The defendants' remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.