■ YOUNG SOO PARK, Appellant, v JAY STREET REALTY ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. HYUNDAI SIGN Co., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [671 NYS2d 300] —In an action to recover damages for personal injuries based upon, *inter alia*, alleged violations of Labor Law § 240 (1), the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 14, 1997, as denied his motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) is granted, and the matter is remitted to the Supreme Court, Queens County, for an assessment of damages.

It is not disputed that the plaintiff fell when the unsecured ladder on which he was standing slid and collapsed as he was attempting to affix a steel sign frame to the side of a building.

Nor is it disputed that this was the proximate cause of the plaintiff's injuries. Under these circumstances, the plaintiff is entitled to partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) (*see, e.g., Quinlan v Eastern Refractories Co.*, 217 AD2d 819; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854; *Madden v Trustees of Duryea Presbyt. Church*, 210 AD2d 382; *Bryan v City of New York*, 206 AD2d 448, 449; *cf., Anderson v Schul/Mar Constr. Corp.*, 212 AD2d 493). Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.