■ DOORLY GORDON, Respondents-Appellants, v TISHMAN CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs Appellants-Respondents. D&M CONSTRUCTION AND DEVELOPING, INCORPORATED, Third-Party Defendant-Appellant-Respondent. [694 NYS2d 719] —In an action to recover damages for personal injuries, etc., (1) the defendants third-party plaintiffs Tishman Construction Corp. and Upper Fifth Avenue Residential Associates, L.P. appeal, as limited by their brief, from stated portions of (a) a judgment of the Supreme Court, Kings County (Johnson, J.), dated March 19, 1998, as, upon a prior order of the same court (I. Aronin, J.), dated September 3, 1996, *inter alia,* granting summary judgment on the issue of liability under Labor Law § 240 to the plaintiffs and against them, and, in effect, denying that branch of their cross motion which was for summary judgment on the cause of action for common-law indemnification asserted in the third-party complaint, and upon a jury verdict as to damages, is in favor of the plaintiffs and against them, (b) an order of the same court (I. Aronin, J.), dated May 29, 1998, as, upon granting reargument of that branch of the prior cross motion as was for summary judgment on the cause of action for common-law indemnification asserted in the third-party complaint, adhered to the original determination, and (c) an amended judgment of the same court (Johnson, J.), dated June 10, 1998, as, upon, *inter alia,* an order of the same court dated June 2, 1998, denying that branch of the cross motion of the third-party defendant D&M Construction and Developing, Incorporated, which was to apply a discount rate of 6.03% to the awards of future damages

in excess of $250,000, is in favor of the plaintiff Doorly Gordon and against them in certain principal sums, and (2) the third-party defendant D&M Construction and Developing, Incorporated, appeals, as limited by its brief, from (a) stated portions of the judgment dated March 19, 1998, and (b) so much of the amended judgment dated June 10, 1998, as is in favor of the plaintiff Doorly Gordon, and applies a discount rate of 5% to the awards of future damages in excess of $250,000. The plaintiffs cross-appeal from stated portions of the judgment dated March 19, 1998.

Ordered that the plaintiffs' cross appeal from stated portions of the judgment dated March 19, 1998, is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c]); and it is further,

Ordered that the appeals of Tishman Construction Corp. and Upper Fifth Avenue Residential Associates, L.P., and D&M Construction and Developing, Incorporated, from stated portions of the judgment dated March 19, 1998, are dismissed, as that judgment was superseded by the amended judgment dated June 10, 1998; and it is further,

Ordered that the appeal from the order dated May 29, 1998, is dismissed; and it is further,

Ordered that the amended judgment dated June 10, 1998, is reversed insofar as appealed from, on the law,

(a) the words "to the plaintiffs" and subparagraphs 1, 2, and 3 are deleted from the 1st decretal paragraph thereof;

(b) the 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, and 9th decretal paragraphs thereof are deleted;

(c) all words following "ORDERED ADJUDGED AND DECREED" up to and including the words "a total judgment of $1,432,317.02" are deleted from the 10th decretal paragraph thereof;

(d) the words "common-law and" are added to the 11th decretal paragraph thereof, after the words "have judgment in";

(e) the words "of the plaintiffs" are deleted from the 12th decretal paragraph thereof and the words "of the plaintiff Roselet Gordon" are substituted therefor;

(f) a decretal paragraph severing the claims of the plaintiff Doorly Gordon is added thereto; and

the judgment dated March 13, 1998, is vacated; that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on the cause of action in the third-party complaint for common-law indemnification against the

third-party defendant D&M Construction and Developing, Incorporated, is granted, and the orders dated September 3, 1996, and May 29, 1998, are amended accordingly; so much of the order dated June 2, 1998, as denied that branch of the cross motion by the third party defendant D&M Construction and Developing, Incorporated, to apply a discount rate of 6.03% to the judgment on damages is vacated, that branch of the cross motion is granted, and a new trial is granted on the issue of damages as to the plaintiff Doorly Gordon, to which the discount rate of 6.03% is to be applied to the awards of future damages in excess of $250,000, with costs to abide the event.

The appeal from the intermediate order dated May 29, 1998, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

In 1988 the plaintiff Doorly Gordon was using a stud gun to attach tracks to a ceiling. He allegedly sustained injuries when a bench/platform upon which he was working collapsed and he fell. At the time of the incident, he was employed by the third-party defendant D&M Construction and Developing, Incorporated (hereinafter D&M), which had supplied the bench/platform. The building in which he was working was owned by the defendant third-party plaintiff Upper Fifth Avenue Residential Associates, L.P. (hereinafter Upper Fifth Avenue). The general contractor on the project was the defendant third-party plaintiff Tishman Construction Corp. (hereinafter Tishman). Doorly Gordon and his wife (the plaintiff Roselet Gordon) thereafter commenced this action to recover damages pursuant to, *inter alia,* Labor Law § 240. After issue was joined and various disclosure completed, the Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability. The court at that time granted that branch of the cross motion of Tishman and Upper Fifth Avenue which was for summary judgment on the cause of action in the third-party complaint for contractual indemnification from D&M, and, in effect, denied that branch of the cross motion which was for summary judgment on their claim against D&M for common-law indemnification. After a jury trial, the plaintiffs were awarded various damages. Tishman, Upper Fifth Avenue, and D&M now appeal.

Contrary to the appellants' arguments on appeal, Doorly Gordon's uncontradicted deposition testimony sufficiently

established prima facie entitlement to judgment as a matter of law on the issue of liability pursuant to Labor Law § 240. Thus, as the appellants failed to raise a triable issue of fact in opposition thereto, the Supreme Court did not err in granting the plaintiffs' motion for summary judgment on the issue of liability (*see, Young Soo Park v Jay St. Realty Assocs.*, 249 AD2d 300; *Kinsler v Lu-Four Assocs.*, 215 AD2d 631; *Lopez v 36-2nd J Corp.*, 211 AD2d 667; *Madden v Trustees of Duryea Presbyt. Church*, 210 AD2d 382). However, on their cross motion for summary judgment on the third-party complaint, Tishman and Upper Fifth Avenue proffered unrebutted proof that their liability for the injuries at issue was purely vicarious. Therefore, the Supreme Court erred in denying that branch of their cross-motion which was for summary judgment on their claim for common-law indemnification from D&M (*see, Chapel v Mitchell*, 84 NY2d 345; *Charles v Eisenberg*, 250 AD2d 801; *Freeman v National Audubon Socy.*, 243 AD2d 608).

There must be a new trial as to the damages awarded to Doorly Gordon. On the issue of mitigation of damages, D&M attempted to present the testimony of Dr. Jerome Block, an expert in neurology and rehabilitative medicine, concerning surgical procedures that might have benefitted him (*see, e.g., Van Guilder v Sands Hecht Constr. Corp.*, 240 AD2d 318). The court refused to permit that testimony, or allow any inquiry into Dr. Block's qualifications to offer such testimony, based on Dr. Block's admission that he was not a neurosurgeon. However, the fact that Dr. Block is not competent to perform surgery does not mean that he is not qualified to render an expert opinion concerning the potential benefits of surgery. Indeed, it is well settled that " '[a] physician need not be a specialist in a particular field in order to be considered a medical expert' " (*Julien v Physician's Hosp.*, 231 AD2d 678, 680, quoting *Humphrey v Jewish Hosp. & Med. Ctr.*, 172 AD2d 494). A physician's alleged lack of knowledge in a particular area of expertise is simply a factor to be evaluated by the jury that goes to the weight to be accorded the testimony, not its admissibility (*see, Fuller v Preis*, 35 NY2d 425; *Smith v City of New York*, 238 AD2d 500; *Ariola v Long*, 197 AD2d 605). Given, *inter alia,* Dr. Block's admitted expertise in neurology and rehabilitative medicine, the court erred in not permitting his testimony in that area. Accordingly, a new trial is necessary on the issue of damages as to the plaintiff Doorly Gordon.

D&M is correct, and the court erred in not applying the discount rate of 6.03% to awards of future damages in excess of $250,000, as stipulated by the parties.

The appellants' remaining contentions are either academic in light of the foregoing determination, or without merit. Ritter, J. P., Altman, Krausman and Florio, JJ., concur.