■ MICHELE BODENSIEK, Appellant, v ROBERT S. SCHWARTZ et al., Respondents. [739 NYS2d 405] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered August 28, 2000, which, upon the granting of the defendants' motion to dismiss the complaint for failure to establish a prima facie case, made at the close of the plaintiff's case, dismissed the action.

Ordered that the judgment is reversed, on the law, the motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial, with costs to abide the event.

The Supreme Court erred in precluding the testimony of the plaintiff's expert, a medical oncologist, in this action against, among others, the defendant Robert S. Schwartz, a gynecological surgeon. The law is settled that a physician need not be a specialist in a particular field in order to qualify as a medical expert (*see, Erbstein v Savasatit,* 274 AD2d 445; *Gordon v Tishman Constr. Corp.,* 264 AD2d 499; *Julien v Physician's Hosp.,* 231 AD2d 678). Rather, any alleged lack of knowledge in a particular area of expertise is a factor to be weighed by the trier of fact that goes to the weight of the testimony, not its admissibility (*see, Gordon v Tishman Constr. Corp., supra; see also, Fuller v Preis,* 35 NY2d 425; *Smith v City of New York,* 238 AD2d 500). Here, the plaintiff's proposed expert was going to testify, based upon his past experience in diagnosing and treating gynecological cancers, regarding the necessity of performing a complete hysterectomy as opposed to a more conservative approach. Accordingly, since his testimony should have been allowed at trial, a new trial is required. Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.