Surico v City of New York (2004 NY Slip Op 50882(U))

[*1]

Surico v City of New York

2004 NY Slip Op 50882(U)

Decided on August 6, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 6, 2004

Supreme Court, Kings County
Angelo Surico and Violet Surico, Plaintiffs, - against - The
against
City of New York, Defendant.
34063/00

Mark I. Partnow, J.
plaintiffs Angelo Surico (injured plaintiff) and Violet Surico (collectively, plaintiffs) cross-move, pursuant to CPLR 3212, for partial summary judgment against defendant City of New York (City) under their Labor Law § 240 (1) cause of action. City cross-moves for summary judgment dismissing plaintiffs' complaint.
Background
The instant personal injury action arises out of a February 9, 2000 ladder-fall accident that occurred in the gymnasium of City-owned IS 383 in Brooklyn (the school). At the time of the accident, injured plaintiff was employed as a "handyman" at the school by Andrew McLaughlin, a custodian employed by the New York City Board of Education.[FN1] As a handyman, injured plaintiff was responsible for performing a variety of jobs including cleaning, painting, and repair [*2]work.
On the day of the accident, injured plaintiff and several co-workers were assigned the task of replacing two basketball backboards in the school's gym which, according to injured plaintiff, were "pretty beat up." The backboards in question were supported by metal pipes or bars which were attached to the ceiling of the gym. Specifically, the backboards were clamped and bolted to the support bars in two places on each backboard. In addition, the support bars had a cable and hinge mechanism that allowed the backboards to be retracted when not in use.
Shortly before the accident, injured plaintiff and his co-workers set about the task of removing the existing backboards from the support bars so that the new ones could be installed in their place. Given the size of the backboards, this work required two workers to unfasten the backboards from the support bars and carry them down to ground level with each worker holding an end the backboard. In order to accomplish this, two six-foot A-frame ladders were set up below one of the backboards.[FN2] Thereafter, injured plaintiff and a co-worker ascended the ladders and proceeded to loosen the bolts that held the backboard to the support bars. According to injured plaintiff, there were six to eight bolts which needed to be loosened at each attachment point. Once these bolts were loosened, injured plaintiff used a screwdriver to pry open one of the clamps. However, because too much tension had been placed on the retraction cable attached to the backboard, when injured plaintiff pried the clamp loose, one of the support bars swung forward and struck him in the head. As a result, injured plaintiff fell from the ladder to the gym floor and sustained various injuries.
By summons and complaint dated September 26, 2000, plaintiffs brought the instant action against City alleging violations of Labor Law §§ 240 (1), 241 (6), as well as common-law negligence. In addition, injured plaintiff's wife, Violet Surico, has asserted a derivative claim against City. The instant cross motions are now before the court.[FN3]
Plaintiffs' Labor Law § 240 (1) Cause of Action
In cross-moving for summary judgment under their Labor Law § 240 (1) cause of action, plaintiffs point to the undisputed fact that injured plaintiff fell off a ladder after being struck in the head by a support pipe while attempting to remove one of the backboards. Plaintiffs argue that injured plaintiff was protected under the statute at the time of the accident because the work that he was performing constituted an altering under Labor Law § 240 (1). In particular, plaintiffs maintain that removing the old backboards, and replacing them with new backboards, resulted in a significant change to the configuration of the gym.
In opposition to plaintiffs' cross motion, and in support of its own cross motion to dismiss plaintiffs' Labor Law § 240 (1) cause of action, City maintains that the work that injured plaintiff was performing at the time of the accident did not qualify as an altering under the statute. In support of this argument, City argues that injured plaintiff's work amounted to routine maintenance inasmuch as he was only replacing a "worn out" component (i.e., the backboard) of [*3]a larger structure that included support bars, a rim, and the backboard.
Labor Law § 240(1) provides that:

"All contractors and owners . . . who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding . . . ladders . . . and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."
Labor Law § 240(1) was enacted to "prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). In order to accomplish this goal, the statute places the responsibility for safety practices and safety devices on owners and general contractors and their agents who "are best situated to bear that responsibility" (id., at 500; see also, Zimmer v Chemung County Perf. Arts, 65 NY2d 513, 520 [1985]). Moreover, "the duty imposed by Labor Law § 240(1) is nondelegable and . . . an owner or contractor who breaches that duty may be held liable in damages regardless of whether it has actually exercised supervision or control over the work" (Ross, 81 NY2d at 500; see also Haimes v New York Tel. Co., 46 NY2d 132, 136-137 [1978]). Finally, the statute is to be construed as liberally as possible in order to accomplish its protective goals (see Martinez v City of New York, 93 NY2d 322, 326 [1999]). However, given the absolute liability imposed under Labor Law § 240(1), only those workers engaged in the activities specifically enumerated in the statutory language are protected under Labor Law § 240(1) (id, at 326; Joblon v Solow, 91 NY2d 457, 464 [1998]; Luthi v Long Island Resource Corp., 251 AD2d 554, 555 [1998]).
The main issue before the court is whether or not injured plaintiff's work of replacing the backboards in the gym constituted an altering under Labor Law § 240 (1). The Court of Appeals has ruled that "'altering' within the meaning of Labor Law § 240 (1) requires making a significant physical change to the configuration or composition of the building or structure" (Joblon, 91 NY2d at 465). Although the Court in Joblon provided a useful general definition of altering under the statute, the issue of what constitutes a "significant physical change" in any particular case can only be resolved through a careful examination of the nature of the work that the plaintiff was carrying out at the time of the accident.
Here, the underlying work required two workers to simultaneously loosen 12 to 16 bolts, pry open clamps holding the old backboard to its support bars, and carry the old backboard down the ladder to the gym floor, whereafter it would be replaced by a new backboard. While it is admittedly a close case, given the liberal manner in which it is bound to interpret the statute, the court finds that this work constituted an altering under Labor Law § 240 (1). Although there do not appear to be any reported Labor Law § 240 (1) cases which involve the removal and installation of basketball backboards, in the court's view, such work is analogous to installing a sign on a building. In such cases, the Appellate Division, Second Department has consistently ruled that this work is protected under the statute (Vasquez v Skyline Constr. & Restoration, [*4]__AD2d__, 779 NYS2d 113, 114 [2004]; Park v Jay St. Realty Assocs., 249 AD2d 300 [1998]; Buckley v Radovich, 211 AD2d 652, 654 [1995]; see also, Morales v City of New York, 245 AD2d 431 [1997]).[FN4]
Finally, the court finds no merit to City's argument that the underlying work amounted to routine maintenance because injured plaintiff was merely replacing a worn-out component that was part of a larger apparatus. Unlike in the cases relied upon by City, the subject backboards did not routinely become worn out and need replacing, nor where they replaced as part of a regularly scheduled maintenance routine. Indeed, plaintiff testified that, during the two and one-half years that he worked at the school prior to the accident, he didn't perform any work on backboards. Accordingly, because injured plaintiff's work is covered under the statute, City's cross motion to dismiss plaintiffs' Labor Law § 240 (1) claim is denied.
However, the mere fact that the statute applies to the work that injured plaintiff was performing at the time of the accident does not establish that plaintiffs are entitled to summary judgment under their Labor Law § 240 (1) claim. While it is undisputed that injured plaintiff fell from a ladder, it is well-settled that "[a] fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1)" (Olberding v Dixie Contr., 302 AD2d 574 [2003]). There must be proof that the subject ladder was defective before a court may award plaintiff summary judgment (Williams v Dover Home Improvement, 276 AD2d 626, 627 [2000]; Avendano v Sazerac, Inc., 248 AD2d 340, 341 [1998]).
Here, plaintiffs have failed to present any evidence that the ladder that injured plaintiff was using collapsed, shifted, was inadequately secured, or was otherwise defective. Rather, the evidence before the court merely indicates that injured plaintiff fell from the ladder after being struck in the head by a support bar. Accordingly, plaintiffs have failed to demonstrate that they are entitled to summary judgment under their Labor Law § 240 (1) cause of action and their cross motion is denied (Grogan v Norlite Corp., 282 AD2d 781, 782 [2002]; Weber v 1111 Park Ave. Realty Corp., 253 AD2d 376, 377 [1998]; Gange v Tilles Investment Co., 220 AD2d 556, 558 [1995]).
Plaintiffs' Labor Law § 241 (6) Cause of Action
City cross-moves to dismiss plaintiffs' Labor Law § 241 (6) cause of action. In so moving, City argues that injured plaintiff was not engaged in construction, demolition, or excavation work at the time of the accident. However, the court has already determined that injured plaintiff's work qualified as an alteration under Labor Law § 240 (1). 12 NYCRR 23-1.4 (b) (13), which applies to Labor Law § 241 (6), defines construction work as "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures . . ." (emphasis added). Thus, injured plaintiff's work qualifies as "construction work" for Labor Law § 241 (6) purposes as that term is defined in 12 NYCRR 23-1.4 (b) (13). Consequently, that branch of City's motion which seeks to dismiss plaintiffs' Labor Law § 241 (6) claim is denied.
Plaintiffs' Common-Law Negligence Claim
[*5]
City cross-moves to dismiss plaintiffs' common-law negligence claim against it. In support of this branch of its cross motion, City points to the undisputed fact that it did not direct or control injured plaintiff's work. City also argues that it did not have any control over the school, or notice of any defect that might have caused the accident. Plaintiffs have not submitted any opposition to this branch of City's motion.
In order to make out a valid common-law negligence claim against an owner in the context of a Labor Law case, there must be evidence that the owner exercised control and supervision over the plaintiff's work, or had actual or constructive notice of an injury-causing unsafe condition (Aranda v Park East Constr., 4 AD3d 315 [2004]; Akins v Baker, 247 AD2d 562, 563 [1998]).
Here, it is undisputed that City was an out-of-possession landowner who neither controlled and supervised injured plaintiff's work, nor had notice of any unsafe condition relating to the backboards. Consequently, that branch of City's motion which seeks to dismiss plaintiffs' common-law negligence claim is granted.
Summary
In summary, the court rules as follows: (1) that branch of City's cross motion which seeks summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action is denied; (2) plaintiffs' cross motion for summary judgment under their Labor Law § 240 (1) cause of action is denied; (3) that branch of City's cross motion which seeks summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action is denied; and (4) that branch of City's cross motion which seeks summary judgment dismissing plaintiffs' common-law negligence claim against is granted.
This constitutes the decision and order of the court.
E N T E R,
 J. S. C. 

Footnotes

Footnote 1: It is unclear whether or not injured plaintiff was directly employed by the Board of Education.

Footnote 2: According to injured plaintiff's deposition testimony, prior to beginning the work, he suggested to his supervisor, John Dougherty, that the workers use an available scaffold instead of ladders but Mr. Dougherty rejected this suggestion. 

Footnote 3: A motion by plaintiffs to strike City's pleadings has now been withdrawn.

Footnote 4: Injured plaintiff's work was arguably more involved than the above-cited sign installation cases inasmuch the work involved both removing the old backboards and installing new ones in their place.