(September 29, 1986)

■ JOSEPH BAUER, Respondent, v MICHAEL KORNHABER et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants, Michael Kornhaber and Hubert Kornhaber, and the defendant Roberta Parker separately appeal from an order of the Supreme Court, Queens County (Miller, J.), dated February 8, 1985, which, after a jury trial, granted the plaintiff's motion to set aside the verdict as to damages only, which was in the principal amount of $7,500, to the extent of granting a new trial unless the parties stipulated to increase the verdict to the principal amount of $35,000.

Order reversed, on the law, with costs, motion denied, and the jury's verdict in the principal amount of $7,500 is reinstated.

Under the law in effect at the time of the trial, in order to warrant interference with the jury's assessment of damages, the excessiveness or inadequacy of the award must have been such as to shock the conscience of the court (see, e.g., Petosa v City of New York, 63 AD2d 1016, 1016-1017; Torro v Altman, 97 AD2d 819). The record establishes that the plaintiff's injuries, which were sustained in an automobile accident, included a simple fractured ankle and lacerations of the chin and right elbow. There were no unusual medical complications during the plaintiff's convalescence, and we note that the plaintiff's allegations of permanent injury were limited to subjective contentions of periodic pain. The plaintiff's medical expert, who was not a treating physician and who never examined the plaintiff, testified that the plaintiff might be prone to develop arthritis in the ankle joint due to the injury. However, this testimony did not forecast the probability of arthritis, and the jury could have regarded such an opinion as purely speculative in nature. In light of the evidence presented, we cannot say that the jury's $7,500 award was

inadequate. Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.