(August 15, 1988)

■ ROBERTA AILY et al., Appellants, v NORMAN ALBANO, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Molloy, J.), entered February 9, 1987, which denied their motion to set aside a jury verdict as to damages and for a new trial on that issue, and (2), on the ground of inadequacy, from a judgment of the same court, dated April 15, 1987, which, upon a jury verdict, is in favor of the plaintiff Roberta Aily in the principal sum of $12,750, and in favor of the plaintiff Ovadia Aily in the principal sum of $1,275.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the first decretal paragraph thereof and granting the plaintiff Roberta Aily a new trial on the issue of damages only, unless the defendant shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the award of damages to the plaintiff Roberta Aily from the principal sum of $12,750 to the principal sum of $51,000 ($60,000 less 15%, representing her share of the fault), and to the entry of an amended judgment against him accordingly; as so modified, the judgment is affirmed, without costs or disbursements, and the order is modified accordingly; in the event that the defendant so stipulates, then judgment, as so increased and amended, is affirmed, with one bill of costs to the plaintiffs payable by the defendant; and it is further,

Ordered that the defendant's time to serve and file the stipulation is extended until 20 days after service upon him of copy of this decision and order, with notice of entry.

The appeal from the intermediate order must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff Roberta Aily suffered a broken right tibia and fibula in an automobile collision with the defendant on September 23, 1983. Mrs. Aily was three months' pregnant on the date of the accident, and was forced to undergo a closed manipulative reduction procedure with intermuscular rather than the customary general anesthesia due to her pregnancy.

Mrs. Aily was confined to the hospital for three weeks after the accident, and her leg remained in several types of casts until March 1984. She asserts that she continues to suffer pain and weakness in her right leg, particularly in damp weather. Her physician testified that this is consistent with a one-half-inch atrophy of her right leg. Considering the totality of the injuries, and the significant period of disability accompanied by pain and suffering, we find the jury's finding that Mrs. Aily incurred damages of $15,000 to be inadequate to the extent indicated (see, Stiso v Piccarello, 120 AD2d 516).

We have reviewed the award to the plaintiff Ovadia Aily for loss of his wife's services, and do not find it inadequate under the circumstances herein. The jury verdict reflected its factual assessment as to the extent to which his wife's injury diminished the quality of his life. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.