■ MALKA CADANER, Appellant, v ERETZ ASSOCIATION et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered February 17, 1988, as, upon a jury verdict finding her 20% at fault in the happening of the accident and finding that she suffered total damages in the amount of $35,000, is in her favor in the principal sum of only $28,000.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the defendants of a copy of this decision and order, with notice of entry, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages from the sum of $35,000 to $60,000, and the net award of damages to the plaintiff from the sum of $28,000 to $48,000 ($60,000 less 20%, representing her share of the fault) and to the entry of an amended judgment in the principal sum of $48,000 accordingly. In the event that the defendants so stipulate, then the

judgment, as so increased and amended, is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendants.

The plaintiff suffered a bimalleolar fracture of her left ankle as a result of a fall down a carpeted staircase in a building owned by the defendants. The plaintiff's injuries required open reduction surgery and the insertion of a metal plate affixed by pins. The plaintiff remained in the hospital for approximately three weeks and required the use of crutches for 2 or 3 months. The plaintiff testified that she still experiences pain and weakness in her left ankle and there is uncontroverted proof that she will have permanent swelling and bilateral swelling of the ankle. The defendants did not present any expert medical testimony to controvert the plaintiff's evidence. Based on the totality of the plaintiff's injuries and her pain and suffering, we conclude that the verdict was inadequate to the extent indicated (see, Aily v Albano, 143 AD2d 167; Bauer v Kornhaber, 123 AD2d 416).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.