■ GLENN JAKALOW, Respondent, v JOSEPHINE CONSOLI et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Rockland County (Stolarik, J.), dated September 21, 1989, which, after a jury trial, granted the plaintiff's motion to set aside the verdict as to damages for pain and suffering only, which was in the principal sum of $12,000, to the extent of granting a new trial on the issue of damages for pain and suffering unless the defendants consented to increase the verdict as to damages for pain and suffering to the principal sum of $100,000.

Ordered that the order is modified, on the facts and as an exercise of discretion, by deleting therefrom the sum of "$100,000" and by substituting therefor the sum of "$50,000"; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that in the event they determine to do so, the defendants' consent to an increase in damages for pain and suffering from $12,000 to $50,000, shall be in the form of a written stipulation to be served and filed in the office of the Clerk of the Supreme Court, Rockland County; and it is further,

Ordered that the defendants' time to serve and file said stipulation is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

We agree with the Supreme Court that the jury's award to the plaintiff of $12,000 for pain and suffering deviated materially from what would be reasonable compensation for the plaintiff's injuries which included, *inter alia,* fractures of the foot and ankle, and which required two surgical procedures *(see,* CPLR 5501 [c]; *Cadaner v Eretz Assn.,* 155 AD2d 409). However, we are of the view that an increase in these damages from $12,000 to $50,000, is sufficient to properly compen-

sate the plaintiff. Accordingly, the order has been modified to the extent indicated.

We note that the order appealed from provides that should the defendants fail to consent to an increase in damages, a new trial will be granted to the plaintiff on that issue. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.