■ Igor Madrit et al., Respondents, v City of New York et al., Appellants, et al., Defendant. [620 NYS2d 468] —In an action to recover damages for personal injuries, etc., the defendants City of New York and Willets Point Contracting Corp. appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Bernstein, J.), dated July 1, 1992, as, upon a jury verdict finding the defendant City of New York 20% at fault, the defendant Willets Point Contracting Corp., 30% at fault, the defendant Andrew Catapano Enterprises, Inc., 40% at fault, and the plaintiff Igor Madrit 10% at fault for the happening of the accident, upon a finding by the trial court that Igor Madrit suffered total

damages in the amount of $623,750, and upon a finding by the trial court that the jury's verdict with respect to damages for future pain and suffering was excessive, is in favor of the plaintiff Igor Madrit and against the appellants in the principal sum of $426,375, which includes $225,000 for future pain and suffering ($250,000 less 10%, representing his share of the fault), and is in favor of the plaintiff Ada Madrit and against the appellants in the principal sum of $18,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof which is against the appellants and in favor of the plaintiff Igor Madrit in the principal sum of $225,000 for future pain and suffering and severing the claim for future pain and suffering, and a new trial is granted to the defendants City of New York and Willets Point Contracting Corp. on the issue of damages as to future pain and suffering, unless the defendant Andrew Catapano Enterprises, Inc., serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict against the appellants as to damages for future pain and suffering to $125,000, and the net award of damages to the plaintiff Igor Madrit payable by the appellants from the sum of $426,375 to $313,875 ($348,750 less 10%, representing his share of the fault) and to the entry of an amended judgment against the appellants in the principal sum of $313,875 accordingly; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that in the event the defendant Andrew Catapano Enterprises, Inc., so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the time for the defendant Andrew Catapano Enterprises, Inc., to serve and file a stipulation is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the findings of fact as to liability are affirmed.

The plaintiff Igor Madrit, a 45-year-old electrician and maintenance worker, sustained a trimalleolar fracture of the ankle, requiring that an open reduction be performed, after he fell on a nail while crossing a roadway that was under reconstruction. Contrary to the appellants' contention, there was sufficient evidence presented at the trial from which the jury could conclude that the condition causing the plaintiff Igor Madrit's injury was inherently dangerous and that the

appellants either created the condition or had constructive notice thereof *(see, Jimenez v Urban Universal Structures,* 174 AD2d 604, 605). Moreover, sufficient evidence was adduced from which the jury could conclude that responsibility for inspecting, monitoring, and maintaining the construction site where the accident occurred was shared by the defendants. Accordingly, we decline to disturb the jury's verdict with respect to the apportionment of fault.

However, our review of the record reveals that the sum of $250,000 for future pain and suffering deviates materially from what would be reasonable compensation for the plaintiff Igor Madrit's future pain and suffering *(see,* CPLR 5501 [c]; *Yazdanpanah v Rosenfeld,* 205 AD2d 758; *Carlino v County of Albany,* 178 AD2d 772; *Jakalow v Consoli,* 175 AD2d 826; *Cadaner v Eretz Assn.,* 155 AD2d 409), and therefore we decrease it to the extent indicated *(see, Perrone v City of New York,* 140 AD2d 594). Given that the entire judgment has been satisfied by the defendant Andrew Catapano Enterprises, Inc., and the plaintiff has no further interest in recovering upon the judgment, Andrew Catapano Enterprises, Inc., is the proper party to stipulate to any decrease in the verdict against the appellants as to damages, since that decrease affects its right to contribution. Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.