■ GREGORY WISOTSKY, Respondent-Appellant, v OAK LEASING CORP., Defendant, and D & D AUTOMOTIVE, Appellant-Respondent. [632 NYS2d 574] —In an action to recover damages for personal injuries, (1) the defendant D & D Automotive appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 15, 1993, which, after a trial on the issue of damages, granted the plaintiff's motion to set aside as against the weight of the evidence the jury's verdict, which was in favor of the plaintiff and against it in the principal sum of $769, and to direct a new trial, and (2) the plaintiff appeals from an order of the same court, dated May 13, 1993,

which denied its motion for leave to serve an amended bill of particulars.

Ordered that the order dated April 15, 1993, is reversed, on the law, the plaintiff's motion to set aside the jury's verdict is denied, and the jury's verdict is reinstated; and it is further,

Ordered that the appeal from the order dated May 13, 1993, is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

A court may set aside a jury's verdict and grant a new trial when the jury's determination is palpably incorrect and a substantial injustice would result if the verdict were sustained (see, Nicastro v Park, 113 AD2d 129, 133). However, the courts are cautioned to exercise this discretionary power sparingly to avoid usurping the jury's function (see, Nicastro v Park, supra). The operative factor in a court's determination whether to set aside a jury's verdict is a finding that the jury could not have reached its verdict based on any fair interpretation of the evidence (see, Nicastro v Park, supra, at 134). This standard is applied whether the jury's verdict is in favor of the plaintiff or the defendant (see, Nicastro v Park, supra).

Because the jury's verdict in this case could have been reached based upon a fair interpretation of the evidence, the trial court erred by setting it aside and granting a new trial. Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.