■ STEPHEN PALMIERI et al., Respondents, v LONG ISLAND JEWISH MEDICAL CENTER et al., Appellants, et al., Defendants. [635 NYS2d 483] —In an action to recover damages for medical malpractice, the defendants George Wisoff and Long Island Jewish Medical Center appeal from (1) a judgment of the Supreme Court, Nassau County (McCabe, J.), entered November 16, 1994, which, upon a jury verdict awarding the plaintiff Stephen Palmieri the principal sums of $500,000 for past pain and suffering and $1,000,000 for future pain and suffering, and awarding the plaintiff Valerie Palmieri the principal sum of $250,000 for loss of consortium, is in favor of the plaintiffs and against them in the total principal sum of $1,750,000, and (2) an order of the same court, dated May 1, 1995, which denied their motion, inter alia, to set aside the jury's verdict as against the weight of the evidence or to find the damages to be excessive.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon them of a copy of this decision and order, with notice of entry, the plaintiff Stephen Palmieri shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for his past pain and suffering from the sum of $500,000 to the sum of $250,000 and for future pain and suffering from $1,000,000 to $500,000 and to the entry of an appropriate amended judgment in his favor and the plaintiff Valerie Palmieri shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for loss of consortium from the sum of $250,000 to $75,000, and to the entry of an appropriate amended judgment in her favor; in the event the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly; and it is further,

Ordered that the appeal from so much of the order as denied the branch of the motion which was to find the damages exces-

sive is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellants' contention, the evidence was sufficient, as a matter of law, to support the jury's finding of negligence since it cannot be said that there was no valid line of reasoning and permissible inferences which could possibly lead rational persons to the jury's conclusion on the basis of the evidence presented at trial (see, Cohen v Hallmark Cards, 45 NY2d 493, 499). Additionally, the court properly declined to set aside the verdict as against the weight of the evidence absent a showing that the jurors could not have reached their verdict on the issue of liability on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129).

We find, however, that an award of damages to the plaintiff Stephen Palmieri for past pain and suffering in the principal sum of $500,000 and for future pain and suffering in the principal sum of $1,000,000 deviates materially from what would be reasonable compensation to the extent indicated (see, CPLR 5501 [c]; e.g., Policastro v Savarese, 171 AD2d 849; Marmo v Southside Hosp., 143 AD2d 891), as does the award of damages to the plaintiff Valerie Palmieri for loss of consortium (see, e.g., Kim v Cohen, 208 AD2d 807). Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.