■ Raul Moreno, Appellant, v Franchise Realty Interstate Corp. et al., Defendant, and Angel 10th Avenue Food

CORP., Doing Business as "MCDONALDS", Respondents. [648 NYS2d 568] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered May 23, 1995, after a jury trial, awarding plaintiff the principal sum of $39,100, and bringing up for review an order of the same court and Justice, entered on or about April 27, 1995, which denied plaintiff's motion to set aside the jury verdict on, *inter alia*, the issue of damages, unanimously affirmed, without costs. The appeal from the order is unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Plaintiff's contention that the jury verdict as to lost earnings was against the weight of the evidence is without merit. A fair interpretation of the evidence would reject, as speculative, plaintiff's claim that he was likely to become a police officer but for his accident. Although plaintiff had passed an initial Police Department written exam and character investigation, there was no testimony that he would have become a police officer but for the injury to his foot.

The award of $30,000 for past and future pain and suffering does not materially deviate from what is reasonable compensation under the circumstances (*cf., e.g., Jakalow v Consoli*, 175 AD2d 826). Although plaintiff describes his injury as having been a "severe ankle fracture", plaintiff's own treating physician characterized it only as "a small chip fracture of the lateral malleolus", based on X-rays taken a week after the accident occurred. An X-ray taken at the hospital a week earlier had indicated "no evidence of fracture". Defendants' orthopedic expert testified that plaintiff had sustained only a sprain, not an avulsion fracture, and defendants' expert radiologist found no evidence of a fracture. Moreover, although plaintiff complained of severe pain and decreased movement, he failed to complete a prescribed course of physical therapy and, while he appeared for several office visits with his treating physician for about six months following the accident, he never sought treatment for his ankle again until almost four years later, on the eve of trial. The jury was entitled to credit defense testimony that no fracture (or only a small chip fracture) occurred and to infer from plaintiff's extended failure to seek treatment that his pain and suffering was not that acute.

We have considered plaintiff's remaining contentions, including his challenges to the trial court's evidentiary rulings, and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.