■ LEV ZAVUROV et al., Respondents, v CITY OF NEW YORK, Appellant. [659 NYS2d 897] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from a judgment of the Supreme Court, Queens County (Goldstein, J.), entered February 7, 1996, which, upon a jury verdict on the issue of liability finding the defendant 65% at fault in the happening of the accident and the plaintiff Lev Zavurov 35% at fault, and upon a jury verdict awarding the plaintiff Lev Zavurov $580,000 ($400,000 for past pain and suffering, $40,000 for lost earnings, $40,000 for impairment of earning capacity, and $100,000 for future pain and suffering) and the plaintiff Svetlana Zavurov the sum of $105,000 for loss of services, and upon the granting of the defendant's motion to reduce the verdict as to Lev Zavurov from $580,000 to $507,800, and upon a further reduction of the award to Lev Zavurov from $507,800 to $330,070 and the award to Svetlana Zavurov from $105,000 to $68,280, based on the jury's finding that Lev Zavurov was 35% at fault in the happening of the accident, is in favor of the plaintiffs and against it in the principal sum of $398,320.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof (1) awarding damages to the plaintiff Lev Zavurov on his causes of action for past and future pain and suffering, and (2) awarding damages to Svetlana Zavurov on her cause of action for loss of services, and substituting therefor a provision severing those causes of action, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon them of a copy of this decision and order, with notice of entry, the plaintiff Lev Zavurov shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $400,000 to the sum of $250,000 and for future pain and suffering from $100,000 to $75,000 and to the entry of an appropriate amended judgment in his favor in the principal sum of $211,250 ($325,000 minus $113,750), and the plaintiff Svetlana Zavurov shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for loss of services from the sum of $105,000 to $25,000 and to the entry of an appropriate amended judgment in her favor in the principal sum of $16,250 ($25,000 minus $8,750); in the event the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

The plaintiff suffered a comminuted fracture of his distal right tibia and fibula when he stepped into a pothole in a crosswalk near his home. Doctors performed an open reduction and internal fixation procedure whereby metal plates and screws were inserted to align and fix the position of his fractured bones. Thereafter, the plaintiff was forced to undergo extensive rehabilitation and physical therapy, and, ultimately, a second surgical procedure to remove the plates and screws. As a result of the fall, the plaintiff, who was 35 years old at the time of the accident, gave up his profession as a barber because he was unable to stand for long periods of time, and has otherwise limited his physical activities.

During the trial on liability, the court denied the defendant's application for an adjournment to secure the testimony of a police officer to whom the plaintiff allegedly gave an inconsistent statement concerning the manner in which the accident occurred. On appeal, the defendant argues that the trial court

acted improvidently in denying its application for an adjournment.

We disagree. As a general rule, the grant or denial of a continuance is within the sound discretion of the trial court *(see, Balogh v H.R.B. Caterers,* 88 AD2d 136, 141). At bar, an examination of the record reveals numerous instances of the defendant's lack of preparedness in the presentation of its case. In particular, it is evident that the defendant failed to exercise due diligence in procuring the testimony of the police officer *(see, Waters v Silverock Baking Corp.,* 172 AD2d 984; *cf., Goichberg v Sotudeh,* 187 AD2d 700, 702). Thus, the trial court did not improvidently exercise its discretion in denying the application.

We find, however, that the award of damages for past and future pain and suffering to the plaintiff Lez Zavurov deviates materially from what would be reasonable compensation to the extent indicated *(see,* CPLR 5501 [c]; *e.g., Palmieri v Long Is. Jewish Med. Ctr.,* 221 AD2d 511; *Policastro v Savarese,* 171 AD2d 849), as does the award of damages to the plaintiff Svetlana Zavurov *(see, e.g., Palmieri v Long Is. Jewish Med. Ctr., supra; Kim v Cohen,* 208 AD2d 807). Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.