■ CHARLES BERT, as Administrator of the Estate of PATRICIA BERT, Deceased, Respondent, v ALBERT MEYER et al., Appellants, et al., Defendants. [663 NYS2d 99] —In an action, *inter alia,* to recover damages for wrongful death, the defendants Albert Meyer, M.D., Robert L. Bialkin, M.D., P. C., Albert Meyer, M.D., and Robert L. Bialkin, M.D., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, entered June 10, 1996, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $2,010,000, and the defendants C. Ambroze, M.D., and Rockville Anesthesia Group separately appeal, as limited by their brief, from so much of the same judgment as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $2,010,000.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs.

The plaintiff brought this action as the representative of the estate of his wife Patricia Bert, who died following a Cesarian section delivery of the Berts' fifth child. On appeal, the obstetricians, the defendants Albert Meyer, M.D., Robert L. Bialkin, M.D., P. C., Albert Meyer, M.D., and Robert L. Bialkin, M.D., challenge the finding of liability as to them, arguing that the defendants C. Ambroze, M.D., and Rockville Anesthesia Group, the anesthesiologists, were solely responsible. Both the obstetricians and the anesthesiologists claim that the damage award to the plaintiff is excessive.

The evidence was sufficient, as a matter of law, to support the jury's finding that the obstetricians were negligent in failing to recognize and treat the decedent's hemorrhage properly. It cannot be said that no valid line of reasoning existed to lead rational persons to the jury's conclusion on the basis of the evidence presented at trial (*see, Palmieri v Long Is. Jewish Med. Ctr.,* 221 AD2d 511, 512). The plaintiff was not required to prove the precise nature of the negligence in order to establish a prima facie case (*see, Markel v Spencer,* 5 AD2d 400, *affd* 5 NY2d 958; *Pollicina v Misericordia Hosp. Med. Ctr.,* 158 AD2d 194, 200). It was enough to show the facts and conditions from which the negligence of the defendants and causation may be inferred (*see, Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744).

The obstetricians' claim that the verdict was against the weight of the evidence is without merit. Questions concerning negligence and apportionment of fault are generally matters for the fact finder, since resolution of issues regarding the credibility of both expert and lay witnesses and the accuracy of their testimony are peculiarly within the province of the jury (*see, Seaman v Town of Babylon,* 231 AD2d 704).

The award of damages to the plaintiff did not deviate materially from what would be reasonable compensation under the circumstances (*see,* CPLR 5501 [c]; *Garcia v New York City Health & Hosps. Corp.,* 230 AD2d 766; *Plotkin v New York City Health & Hosps. Corp.,* 221 AD2d 425). Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.