■ DONALD FORSLUND, Appellant-Respondent, v LOUIS D. NUNEZ, Respondent-Appellant. [673 NYS2d 164] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of a resettled order of the Supreme Court, Dutchess County (Hillery, J.), dated March 27, 1997, as granted that branch of the defendant's motion pursuant to CPLR 4404 which was to set aside the damages awarded for past and future pain and suffering and direct a new trial on the issue of those damages, and the defendant cross-appeals, as limited by his brief, from so much of the resettled order as denied that branch of his motion which was to set aside the verdict as to liability.

Ordered that the resettled order is modified, on the facts and as a matter of discretion, by adding thereto a provision that the new trial granted by the court on the issues of past and future pain and suffering shall be held unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Dutchess County, a written stipulation consenting to reduce the damages for past pain and suffering from $750,000 to $300,000 and for future pain and suffering from $250,000 to $150,000, and to the entry of a judgment accordingly; as so modified, the resettled order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file a stipula-

tion consenting to the reduction of damages is extended until 30 days after the service upon the plaintiff of a copy of this decision and order, with notice of entry.

The Supreme Court properly declined to set aside the jury verdict on the issue of the defendant orthopedic surgeon's liability for failing to recognize and treat adequately the plaintiff's post-surgical complications and development of osteomyelitis (*see, Bert v Meyer,* 243 AD2d 522; *Palmieri v Long Is. Jewish Med. Ctr.,* 221 AD2d 511, 512; *cf., Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787, 789). We find, however, that the amount of damages awarded to the plaintiff for past and future pain and suffering deviates materially from what would be reasonable compensation, and is, therefore, excessive to the extent indicated (*see,* CPLR 5501 [c]). Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.