◼ FLOSSIE M. HOLLAND, Respondent, v CLARA A. GADEN et al., Appellants. [688 NYS2d 668] —In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered February 26, 1998, which, upon a jury verdict finding the plaintiff 50% at fault in the happening of the accident and finding that she suffered damages in the total amount of $1,000,000 ($500,000 for past pain and suffering and $500,000 for future pain and suffering), is in favor of her and against them in the principal sum of $500,000.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding the plaintiff damages for future pain and suffering and substituting therefor a provision severing her cause of action to recover damages for future pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed, without costs or disbursements, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages from the total amount of $1,000,000 to $750,000 ($500,000 for past pain and suffering and $250,000 for future pain and suffering), and the net award of damages from the sum of $500,000 to $375,000 ($750,000 less 50%, representing her share of the fault) and to the entry of an amended judgment in the principal sum of $375,000 accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff suffered a fractured tibia, fibula, and glenoid as a result of being struck by the defendants' bus. The plaintiff's injuries required limited open reduction surgery and the insertion of a metal bar affixed by pins, as well as two subsequent surgeries which required irrigation, debridement, and a skin graft procedure. The plaintiff remained in the hospital for one month and thereafter spent five months at a rehabilitation center before being permitted to go home. The plaintiff testified that she still experiences pain in her left leg, has limited use of her arm, and is now unable to participate in her formerly active lifestyle (*see, Zavurov v City of New York,* 241 AD2d 491). Nonetheless, the plaintiff is able to live alone and care largely for herself on a daily basis (*see, Blyskal v Kelleher,* 171 AD2d 718). As such, the jury's finding that the plaintiff suffered damages of $500,000 for past pain and suffering was not excessive, but the finding that the plaintiff suffered damages of $500,000 for future pain and suffering over a 10-year period was a material deviation from what would be reasonable compensation for her injuries (*see,* CPLR 5501 [c]). Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.