■ IRA L. BENAIN, Respondent, et al., Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [715 NYS2d 874] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (G. Aronin, J.), as, upon a jury verdict finding it 100% at fault in the happening of the accident, and finding that the plaintiff Ira Lynn Benain sustained damages of $300,000 for past pain and suffering and

$500,000 for future pain and suffering, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff Ira Lynn Benain and against it.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as a exercise of discretion, with costs, and a new trial is granted on the issue of damages with respect to the plaintiff Ira Lynn Benain only, unless within 30 days after service upon the plaintiff Ira Lynn Benain of a copy of this decision and order with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict for past pain and suffering from $300,000 to $200,000, and for future pain and suffering from $500,000 to $100,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Ira Lynn Benain so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs and disbursements.

The injured plaintiff suffered a bimalleolar fracture of her left ankle as a result of tripping on a damaged step at the defendant's subway station located at Church Avenue and 18th Street in Brooklyn. Contrary to the defendant's contention, the verdict on the issue of liability was based upon a fair interpretation of the evidence, and therefore should not be disturbed (*see, White v Rubinstein,* 255 AD2d 378; *Nicastro v Park,* 113 AD2d 129, 134). However, the award of $300,000 for past pain and suffering deviates materially from what would be reasonable compensation for the injured plaintiff's past pain and suffering to the extent indicated (*see,* CPLR 5501; *Rydell v Pan Am. Equities,* 262 AD2d 213; *Zavurov v City of New York,* 241 AD2d 491). The sum of $500,000 for future pain and suffering also deviates materially from what would be reasonable compensation under the circumstances to the extent indicated (*see,* CPLR 5501; *Zavurov v City of New York, supra; Madrit v City of New York,* 210 AD2d 459). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.