■ KETLY LAVAUD, Respondent, v DON D. NIXON, Appellant. [758 NYS2d 682] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered January 22, 2002, which, upon a jury verdict on the issue of liability finding him 70% at fault and the plaintiff 30% at fault in the happening of the accident, and upon a jury verdict awarding the plaintiff damages in the sums of $525,000 (70% of $750,000)

for past pain and suffering and $175,000 (70% of $250,000) for future pain and suffering, is in favor of the plaintiff and against him in the principal sum of $700,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only unless, within 30 days after service upon the plaintiff of a copy of this decision and order she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $525,000 to the sum of $350,000 (70% of $500,000), and future pain and suffering from the sum of $250,000 to the sum of $105,000 (70% of $150,000), and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the remark made by the plaintiff's attorney during the opening statement of the liability phase of trial, that the accident changed the plaintiff's life "forever," did not deprive him of a fair trial (*see Ritz v Lee,* 273 AD2d 291 [2000]). Accordingly, the Supreme Court properly denied his motion for a mistrial.

The damages awards for past pain and suffering and future pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case (*see* CPLR 5501 [c]; *Van Ness v New York City Tr. Auth.* 288 AD2d 374 [2001]; *Holland v Gaden,* 260 AD2d 604 [1999]; *Zavurov v City of New York,* 241 AD2d 491 [1997]).

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.