TIMOTHY McNAMARA, Respondent, et al., Plaintiff, v BRUCE W. HITTNER et al., Appellants. [767 NYS2d 800]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Richmond County (Mega, J.), dated August 1, 2002, which, upon a jury verdict awarding the plaintiff Timothy McNamara the sums of $300,000 for past pain and suffering and $2,000,000 for future pain and suffering, and upon an order of the same court dated March 5, 2002, denying their motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial, is in favor of the plaintiff Timothy McNamara and against them.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages with respect to the plaintiff Timothy McNamara only, unless, within 30 days after service upon the plaintiff Timothy McNamara of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $300,000 to the sum of $200,000, and for future pain and suffering from the sum of $2,000,000 to the sum of $400,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Timothy McNamara so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended judgment accordingly.

The evidence at trial established that the 35-year-old plaintiff Timothy McNamara, a firefighter, was injured when the defendants' vehicle rolled over his ankle as he stepped from a fire truck. McNamara suffered a comminuted, displaced fracture of three bones in the ankle and underwent open reduction and internal fixation.

Before summations during the trial on the issue of damages, the trial court stated, in sum and substance, that it was the four-month anniversary of the September 11th attack "and that we should never forget what happened four months ago. We can't bring back the dead, but we should never forget our losses." The trial court also stated that the purpose of the litigation was to "make sure that litigants get a fair trial based on the law and based upon the evidence." The trial court also requested a moment of silence in remembrance.

The defense counsel objected to the trial court's comments and request for a moment of silence, arguing that it was improper to conduct such an "emotionally charged" event prior to deliberations involving a plaintiff who was a firefighter. The defense counsel moved for a mistrial, noting that a juror had tears in his eyes and began to cry after the moment of silence. The trial court denied the motion for a mistrial, finding that there had been no prejudice.

It is well settled that the decision to grant or deny a mistrial is within the sound discretion of the court, and is made on a case-by-case basis (*see Chung v Shakur,* 273 AD2d 340 [2000]; *Taylor v Port Auth. of N.Y. & N. J.,* 202 AD2d 414 [1994]). However, the denial of such motion "may, given the facts of a

particular case, constitute reversible error . . . where it appears that the motion should have been granted 'to prevent a substantial possibility of injustice' " (*Cohn v Meyers,* 125 AD2d 524, 527 [1986], quoting *Halstead v Sanky,* 48 Misc 2d 586, 588 [1965]).

Although the defendants correctly contend that the trial court erred in requesting a moment of silence prior to deliberations, the court's denial of the defendants' mistrial motion did not constitute reversible error. Based on our review of the record, there is no evidence that substantial justice was not done.

However, the sums awarded for past and future pain and suffering deviate materially from what would be considered reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Benain v New York City Tr. Auth.,* 277 AD2d 267 [2000]; *Rydell v Pan Am. Equities,* 262 AD2d 213 [1999]; *Zavurov v City of New York,* 241 AD2d 491 [1997]). Krausman, J.P., McGinity, Cozier and Rivera, JJ., concur.