■ LORI BRANDWEIN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [788 NYS2d 352]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered June 25, 2003, which, in an action for personal injuries sustained when plaintiff slipped on a broken step in defendant's subway station, granted plaintiff's motion to set aside a verdict awarding her pre-apportionment damages of $12,000 for past pain and suffering and $0 for future pain and suffering to the extent of directing a new trial on the issue of past pain and suffering only unless defendant stipulated to increase the pre-apportionment award for past pain and suffering to $30,000, unanimously modified, on the law and the facts, to increase the amount to which defendant must stipulate, within 30 days of service of a copy of this order with notice of entry in order to avoid a new trial on the issue of past pain and suffering, to $60,000, and otherwise affirmed, without costs.

A fair interpretation of the conflicting expert testimony supports a finding that plaintiff's subsequent injuries and permanent disability were caused not by weakness in her ankle that remained after the treatment for her initial fall in the subway station, for which defendant was held partly liable, but by a congenital degenerative disease known as Charcot-Marie-Tooth Syndrome (*see Kamin v City of New York*, 297 AD2d 573 [2002]). Accordingly, the jury's award of $0 for future pain and suffering will not be disturbed. Concerning the jury's resolution of the conflicting proofs (*see Mazariegos v New York City Tr. Auth.*, 230 AD2d 608, 609-610 [1996]), we note that plaintiff did not produce her treating physician, and that the expert she did produce was not provided with the reports of her treating physician and was unaware of pertinent aspects of her history. Notwithstanding, the award of $30,000 for past pain and suffering deviates materially from what is reasonable compensation for the ankle fracture that plaintiff sustained in the subway, and the ensuing need to wear a cast for a month and use crutches for at least six weeks, and we accordingly modify to increase the additur to $60,000 (*cf. Po Yee So v Wing Tat Realty*, 259 AD2d 373 [1999]; *Moreno v Franchise Realty Interstate Corp.*, 232 AD2d 298 [1996]). Concur—Buckley, P.J., Andrias, Sullivan, Ellerin and Williams, JJ.