■ CAROLYN CLARK et al., Respondents-Appellants, v N-H FARMS, INC., Appellant-Respondent, et al., Defendants. [791 NYS2d 122]—

In an action to recover damages for personal injuries, etc., (1) the defendant N-H Farms, Inc., appeals from a judgment of the Supreme Court, Orange County (McGuirk, J.), entered March 23, 2003, which, upon jury verdicts, is in favor of the plaintiffs and against it on the issues of liability and damages, and (2) the plaintiffs appeal, as limited by their brief, from so much of an order of the same court dated June 18, 2003, as granted that branch of the motion of the defendant N-H Farms, Inc., which was pursuant to CPLR 4404 (a) to set aside the jury verdict in their favor and against that defendant on the issue of damages, and ordered a new trial on the issue of damages only unless the plaintiffs stipulated to reduce the verdict as to damages for past pain and suffering from the sum of $500,000 to the sum of $200,000, and to reduce the verdict as to damages for future pain and suffering from the sum of $700,000 to the sum of $225,000.

Ordered that the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly determined that CPLR 1602 (2) (iv) precluded the apportionment of fault between the owner of the premises where the injured plaintiff fell and the entity running a carnival on the premises at the time of the accident, because the owner is solely answerable for the breach of a nondelegable duty to provide the public with a reasonably safe premises, including a safe means of ingress and egress (*see Rangolan v County of Nassau,* 96 NY2d 42 [2001]; *Faragiano v Town of Concord,* 96 NY2d 776 [2001]).

The Supreme Court properly reduced the verdict as to damages for past pain and suffering from the sum of $500,000 to the sum of $200,000, and for future pain and suffering from the sum of $700,000 to the sum of $225,000. The award of damages for both past and future pain and suffering deviated from what this Court has recently held to be reasonable compensation where a plaintiff sustained a trimalleolar ankle fracture that required surgery (*see Condor v City of New York,* 292 AD2d 332 [2002]; *Benain v New York City Tr. Auth.,* 277 AD2d 267 [2000]; *Fertik v Fertik,* 264 AD2d 463 [1999]; *Madrit v City of New York,* 210 AD2d 459 [1994]).

The remaining contentions of N-H Farms, Inc., are without merit. H. Miller, J.P., Cozier, S. Miller and Spolzino, JJ., concur.