734

■ ALFIDA ROBLES, Respondent, v CITY OF NEW YORK et al., Appellants. [820 NYS2d 291]—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Dabiri, J.), dated January 5, 2005, which upon a jury verdict, inter alia, awarding the sums of $500,000 for past pain and suffering and $750,000 for future pain and suffering, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for past pain and suffering and future pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $500,000 to the sum of $350,000, and the verdict as to damages for future pain and suffering from the sum of $750,000 to the sum of $350,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

This Court may determine whether the award of damages deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; Harvey v Mazal Am. Partners, 79 NY2d 218, 225 [1992]; Bonilla v New York City Tr. Auth., 295 AD2d 297 [2002]). Under the circumstances presented, the jury award for past and future pain and suffering materially deviated from what would be reasonable compensation to the extent indicated herein (see generally Clark v N-H Farms, Inc., 15 AD3d 605 [2005]; Condor v City of New York, 292 AD2d 332 [2002]; Madrit v City of New York, 210 AD2d 459 [1994]). Accordingly, we remit the matter for a new trial on the issue of damages for past pain and suffering and future pain and suffering unless the plaintiff stipulates to the reduced damages.

The defendants' remaining contention is without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.