■ GLENDA HUGHES, Appellant, v KENNETH G. WEBB, Respondent. [837 NYS2d 698]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), entered May 23, 2005, which, upon a jury verdict on the issue of damages, and upon an order of the same court entered April 18, 2005, denying her motion pursuant to CPLR 4404 to set aside the verdict, is in favor of her and against the defendant in the total sum of only $23,526.37.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages.

The plaintiff's infant son (hereinafter the infant) suffered a tri-plane fracture of his right distal tibia, which required open reduction surgery and the installation of orthopedic hardware. The plaintiff commenced this action on behalf of herself and her son. A jury awarded the plaintiff damages in the sum of $23,526.37. On appeal, the plaintiff contends that a new trial on the issue of damages is necessary. We agree.

The Supreme Court erred in failing to instruct the jury to consider the infant's future pain and suffering in determining the appropriate level of damages since the evidence presented by the plaintiff, including a hospital record, an operative report, and testimony from the infant and the infant's treating physician, was legally sufficient to support an award for such damages (see Falcaro v Kessman, 215 AD2d 432 [1995]; Alvarez v Mendik Realty Plaza, 176 AD2d 557, 558 [1991]; see also Davis v City of New York, 264 AD2d 379, 380 [1999]).

Moreover, the Supreme Court erred in precluding the infant's treating physician from testifying as to the permanence of the infant's injuries, based upon a recent examination, on the ground that the plaintiff failed to serve a report of the examina-

tion pursuant to 22 NYCRR 202.17 (h). There could be no claim of surprise or prejudice engendered by this testimony. The plaintiff's bill of particulars clearly included allegations that the ankle fracture resulted in permanent injuries. "[P]ermanency cannot be considered an injury or condition" (*Holshek v Stokes*, 122 AD2d 777, 778 [1986]). Consequently, no medical report was required to be served prior to the physician's testimony, as no new injuries or claims were being made, and the physician was to testify merely to the consequences of the injury as described in the previously-served medical records (*see Iasello v Frank*, 257 AD2d 362, 363 [1999]; *Serpe v Eyris Prods.*, 243 AD2d 375, 380 [1997]; *Kurth v Wallkill Assoc.*, 132 AD2d 529, 530 [1987]). To the extent that our decision in *Fienco v Rose* (34 AD3d 629 [2006]), can be read as holding to the contrary, it should not be followed. The Supreme Court also improvidently exercised its discretion in precluding the infant's treating physician from giving expert opinion testimony as to the permanency of the infant's injuries, based upon the other evidence in the case (*see Neils v Darmochwal*, 6 AD3d 589, 590 [2004]; *Markey v Eiseman*, 114 AD2d 887 [1985]).

Further, it was an improvident exercise of discretion for the Supreme Court to deny the plaintiff's application for a brief continuance of the trial in order to compel the testimony of the defendant's examining doctor as a fact witness, where the plaintiff had properly subpoenaed the witness and the witness failed to appear as directed. It is well settled that the substance of a report prepared by a physician employed by a defendant to examine a plaintiff, which was furnished to both parties, can be elicited by the plaintiff as part of his or her direct case through the testimony of the physician (*see Gilly v City of New York*, 69 NY2d 509, 510-512 [1987]; *Bevilacqua v Gilbert*, 143 AD2d 213, 214 [1988]). The testimony of the defendant's doctor was material, and there is no indication in the record that the request for a continuance was made for the purpose of delay, or that the need for a continuance resulted from the plaintiff's failure to exercise due diligence. Accordingly, the request was improperly denied (*see Lila v Bata*, 33 AD3d 875 [2006]; *Zysk v Bley*, 24 AD3d 757, 758 [2005]; *Hodges v City of New York*, 22 AD3d 525, 526-527 [2005]).

Lastly, we note that the jury's award of $22,500 for past pain and suffering deviated materially from what would be reasonable compensation under the circumstances (*see e.g. Clark v N-H Farms, Inc.*, 15 AD3d 605, 606 [2005]; *McNamara v Hittner*, 2 AD3d 417, 418-419 [2003]; *Benain v New York City Tr. Auth.*, 277 AD2d 267 [2000]; *Zavurov v City of New York*, 241 AD2d

491, 492-493 [1997]). Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.