BERNARD LANGHORNE et al., Respondents-Appellants, v COUNTY OF NASSAU et al., Appellants-Respondents. [839 NYS2d 94]—

In an action to recover damages for personal injuries, etc., (1) the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), entered November 24, 2004, as, upon a jury verdict, and upon so much of an order of the same court dated March 11, 2004, as granted those branches of the plaintiffs' motion which were for an award of past medical expenses, and pursuant to CPLR 4404 (a) to set aside, as against the weight of the evidence, so much of the verdict as awarded $0 for past and future loss of services and for a new trial on those categories of damages, is in favor of the plaintiff Bernard Langhorne and against them, awarding that plaintiff damages for past medical expenses in the principal sum of $36,689.60, and severing the cause of action to recover damages for past and future loss of services, and (2) the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as, upon so much of the verdict as awarded the plaintiff Bernard Langhorne the principal sums of $30,000 for past pain and suffering, $0 for future pain and suffering, $90,000 for past loss of earnings, and $0 for future loss of earnings, and upon so much of the order dated March 11, 2004, as denied those branches of their motion which were for an award of future medical expenses, and pursuant to CPLR 4404 (a) to set aside the verdict as to past and future pain and suffering and past and future loss of earnings as against the weight of the evidence and for a new trial on those categories of damages, is in favor of the plaintiff Bernard Langhorne and against the defendants in the sums of only $30,000 for past pain and suffering and $90,000 for past loss of earnings, and awarded that plaintiff $0 for future pain and suffering, $0 for future loss of earnings, and $0 for future medical expenses.

Ordered that the cross appeal by the plaintiff Eloise Langhorne is dismissed, without costs or disbursements, as she is not aggrieved by the portions of the judgment cross-appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions thereof in favor of the plaintiff Bernard Langhorne and against the defendants awarding sums for all damages except past medical expenses; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff Bernard Langhorne, those branches of the plaintiffs' motion which were to set aside the verdict as to past and future pain and suffering and past and future loss

of earnings as against the weight of the evidence and for a new trial on those categories of damages are granted, the order dated March 11, 2004 is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on damages for past and future pain and suffering and past and future loss of earnings only and for the entry of an amended judgment thereafter.

Under the circumstances of this case, where the injured plaintiff's wife provided unrefuted evidence regarding the toll that her husband's injury had taken on her, including evidence of her activities in attending to him and taking care of his basic daily needs, at the expense of her social life and sexual relationship with him, and the likelihood that these circumstances would continue into the future, the jury's determination that she was entitled to no damages on her derivative cause of action for loss of past and future services could not have been reached on "any fair interpretation of the evidence," and thus, is against the weight of the evidence (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *see Nicastro v Park*, 113 AD2d 129 [1985]). Accordingly, the trial court correctly ordered a new trial on those categories of damages (*see* CPLR 4404 [a]; *Grant v City of New York*, 4 AD3d 158 [2004]; *Simmons v Dendis Constr.*, 270 AD2d 919 [2000]).

The trial court erroneously precluded the plaintiffs from eliciting testimony from the injured plaintiff's treating physician as to the permanency of the injured plaintiff's injuries on the ground that the report indicating the permanency was not timely exchanged with the defendants' attorney (*see* 22 NYCRR 202.17 [h]). The relevant court rule only applies to new injuries, and the permanency of a previously reported injury does not constitute a new injury (*see Hughes v Webb*, 40 AD3d 1035 [2007] [decided herewith]). The trial court thus erred in precluding the plaintiffs from eliciting testimony from the injured plaintiff's treating physician regarding his findings and prognosis from his latest examination of the injured plaintiff, which took place approximately one week before the trial. The plaintiffs' counsel made clear to the trial court that there were no new injuries, and that he had just come into possession of the report that same day (*see Hughes v Webb, supra; Krinsky v Rachleff*, 276 AD2d 748 [2000]; *Iasello v Frank*, 257 AD2d 362 [1999]). Consequently, the court also erred in limiting the questioning of that physician to his findings as of December 30, 1998.

Moreover, the trial court erred in permitting defense counsel to elicit certain testimony from the defendants' medical expert that was not only beyond the scope of his medical report, but

inconsistent with the conclusions that were set forth in that report (see Matszewska v Golubeya, 293 AD2d 580 [2002]; Gregory v Mulligan, 266 AD2d 344 [1999]).

Where, as here, there is a danger that substantial justice has not been done because improper evidentiary rulings tainted the jury verdict, an appellate court should order a new trial (see Gomez v Park Donuts, 249 AD2d 266, 267 [1998]; Wisotsky v Oak Leasing Corp., 212 AD2d 527 [1995]). Accordingly, there should be a new trial on the issue of the injured plaintiff's damages for past and future pain and suffering, and past and future loss of earnings.

The parties' remaining contentions are without merit. Crane, J.P., Ritter, Lunn and Covello, JJ., concur.