■ ROBERT SMITH, Appellant, v BYWISE HOLDING, LLC, Respondent. [878 NYS2d 183]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated April 9, 2008, as granted that branch of the defendant's motion which was to reduce as excessive the amount of damages awarded for future pain and suffering to the extent of directing a new trial on the issue of damages for future pain and suffering unless he stipulated to reduce the verdict as to that item of damages from the sum of $600,000 to the sum of $175,000, and granted those branches of the defendant's motion which were to reduce as excessive the amount of damages awarded for past loss of earnings and future loss of earnings to the extent of directing a new trial on the issues of damages for past loss of earnings and future loss of earnings unless he stipulated to reduce the verdicts as to those items of damages from the sums of $195,866 and $1,457,291, respectively, to zero.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulates to reduce the verdict as to future pain and suffering from the sum of $600,000 to the sum of $175,000 and substituting therefor a provision directing a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulates to reduce the verdict as to future pain and suffering from the sum of $600,000 to the sum of $325,000; as so modified, the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that the jury verdict awarding the plaintiff the sum of $600,000 for future pain and suffering over 25 years deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]). However, we find

that a new trial on the issue of damages for future pain and suffering need not be conducted if the plaintiff stipulates to an award of $325,000 for future pain and suffering over 25 years, rather than the sum of $175,000, as determined by the Supreme Court (cf. *Robles v City of New York,* 31 AD3d 734 [2006]).

Since the jury's award for hospital expenses was not affected by the order appealed from, we do not address that issue to the extent that it was raised on this appeal.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Santucci, Florio and Covello, JJ., concur.