In an action to recover damages for personal injuries, the defendant Bywise Holding, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J), dated January 29, 2010, as, upon, in effect, denying that branch of its motion which was to direct the Clerk of the Court to enter a judgment against it and in favor of the plaintiff in a particular sum, directed a new trial on the issue of damages for past and future loss of earnings.
Ordered that the order is affirmed insofar as appealed from, with costs.
*1007 On January 21, 2004, the plaintiff slipped and fell while walking on an icy public sidewalk. As a result of the accident, his left ankle was injured.
The plaintiff commenced this action against, among others, the defendant Bywise Holding, LLC (hereinafter Bywise), the entity responsible for maintaining the portion of the sidewalk upon which he slipped and fell (see Administrative Code of City of New York § 7-210 [a], [b]). The matter proceeded to a jury trial. At the conclusion of the trial, the jury found for the plaintiff on the issue of liability.
The jury awarded the plaintiff the sums of $175,000 for past pain and suffering and $600,000 for future pain and suffering. In addition, the jury, crediting the plaintiffs expert economist’s opinions concerning the plaintiffs loss of earnings, awarded the plaintiff the sums of $195,866 for past loss of earnings and $1,457,291 for future loss of earnings. Finally, the jury awarded the plaintiff, who had been hospitalized as a result of the accident, the sum of $14,176 for hospital expenses. After the trial, By wise moved, pursuant to CPLR 4404 (a), to set aside the verdict on the issue of damages awarded for past and future loss of earnings and for judgment as a matter of law dismissing those claims, and to reduce as excessive the damages award for future pain and suffering. With respect to the awards for past and future loss of earnings, Bywise asserted, inter alia, that the plaintiff, who had the burden of establishing his loss of earnings with “reasonable certainty” (Lodato v Greyhawk N. Am.., LLC, 39 AD3d 494, 495-496 [2007] [internal quotation marks omitted]), failed to meet his burden. In the alternative, Bywise argued that the awards for past and future loss of earnings were “excessiv[e]” and, thus, should be “reduced.”
In the order determining Bywise’s motion, the Supreme Court (Held, J.) granted that branch of Bywise’s motion which was to reduce as excessive the damages award for future pain and suffering to the extent of directing a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulated to reduce the verdict as to that item of damages from the sum of $600,000 to the sum of $175,000. The Supreme Court also granted those branches of Bywise’s motion which were to reduce as excessive the amount of damages awarded for past and future loss of earnings to the extent of directing a new trial on the issues of damages for past and future loss of earnings unless he stipulated to reduce the verdicts as to those items of damages from the sums of $195,866 and $1,457,291, respectively, to zero.
The plaintiff appealed from this order, advancing certain arguments in support of his position that the Supreme Court should *1008 not have disturbed the awards for future pain and suffering and past and future loss of earnings. In a decision and order of this Court dated April 28, 2009, finding that an award of $325,000 was reasonable compensation for the plaintiffs future pain and suffering, and finding the plaintiffs remaining contentions to be without merit, the order was modified by deleting the provision thereof directing a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulated to reduce the verdict as to future pain and suffering from the sum of $600,000 to the sum of $175,000, and substituting therefor a provision directing a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulated to reduce the verdict as to future pain and suffering from the sum of $600,000 to the sum of $325,000 (see Smith v Bywise Holding, LLC, 61 AD3d 957 [2009]).
Soon after his appeal was decided, the plaintiff filed a stipulation in the Supreme Court, wherein he “stipulate[d] to reduce” the award for future pain and suffering to the sum of $325,000. He “further elect[ed] ... to have a new trial on past and future [loss of] earnings.”
Bywise moved in the Supreme Court for certain relief, which, if granted, would have resulted in the entry of a judgment in favor of the plaintiff and against Bywise in the principal sums of $175,000 for past pain and suffering, $325,000 for future pain and suffering, and $14,176 for hospital expenses. Indeed, Bywise argued, in essence, that the plaintiffs claims for damages for past and future loss of earnings had been dismissed (cf. Harris v City of New York (2 AD3d 782, 782-784 [2003]) and, hence, that the plaintiff could not elect to have a new trial on those categories of damages. In the order appealed from, the Supreme Court (Lewis, J.), inter alia, denied that branch of By wise’s motion concerning the entry of a judgment, and directed a new trial on the issues of damages for past and future loss of earnings. Contrary to Bywise’s contention, the Supreme Court properly directed the new trial.
In the prior order appealed from, the Supreme Court, in effect, denied those branches of Bywise’s motion which were pursuant to CPLR 4404 (a) for judgment as a matter of law dismissing the plaintiffs claims for damages for past and future loss of earnings. Thus, contrary to Bywise’s contention, those claims had not been dismissed. Bywise could have cross-appealed from the portion of the order by which they were aggrieved (see CPLR 5511), and argued that those claims should have been dismissed. However, Bywise did not cross-appeal at a time when this issue could have been addressed (cf. Davis v Weg, 104 AD2d 617, 620 *1009 [1984]). Accordingly, the Supreme Court properly directed a new trial on the issue of damages for past and future loss of earnings. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.