Jones v New York Presbyt. Hosp. (2018 NY Slip Op 00913)





Jones v New York Presbyt. Hosp.


2018 NY Slip Op 00913


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


5663 301984/11

[*1]Dorothy Jones, Plaintiff-Appellant,
v
New York Presbyterian Hospital also known as Columbia University Medical Center, et al., Defendants-Respondents.


Pollack, Pollack Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about August 25, 2017, which granted defendant's motion to reduce the jury's damages awards, and ordered a new trial on damages unless plaintiff stipulated to reduce the award for past pain and suffering from $600,000 to $150,000 and the award for future pain and suffering over a five-year period from $400,000 to $150,000, unanimously modified, on the facts, to order a new trial on damages for past pain and suffering unless plaintiff stipulates, within 30 days after entry of this order, to reduce the award for such damages to $400,000, and otherwise affirmed, without costs.
As a result of defendant's negligence, plaintiff suffered a comminuted proximal humerus fracture, which healed in a misaligned manner. The injury resulted in chronic pain and a permanent reduction in plaintiff's range of motion and has had a significant impact on plaintiff's quality of life, as she remains unable to care for herself.
Under these circumstances, an award for past pain and suffering in excess of $400,000 deviates materially from what would be reasonable compensation (see CPLR 5501[c]), and we modify Supreme Court's order accordingly.
In light of plaintiff's age (84 when injured and 89 at the time of trial), Supreme Court correctly determined that an award for future pain and suffering in excess of $150,000 deviates materially from what would be reasonable compensation (see Konfidan v FF Taxi, Inc., 95 AD3d 471 [1st Dept 2012]; Elescano v Eighth-19th Co., LLC, 17 AD3d 250 [1st Dept 2005]; Holland v Gaden, 260 AD2d 604 [2d Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK