Rose M. Van Epps et al., Appellants, v. William Carpenter, Respondent.— Appeal from a judgment entered upon a verdict of no cause of action rendered by a jury after the trial of a negligence action in the Supreme Court, Saratoga County. The plaintiff Rose Marie Van Epps was a passenger in an automobile

owned and operated by the defendant. This car came into collision with the rear of another vehicle while traveling south on road known as route No. 9 — or the Glens Falls-Saratoga Springs highway. As a result of that collision plaintiff sustained personal injuries. The only issues of fact apparent in the record deal with negligence on the part of the defendant and contributory negligence on the part of the plaintiff passenger. The parties were together for the greater part of an afternoon and visited several drinking places as they rode around the countryside. We think the jury might have found the defendant negligent but also, that under the circumstances, the plaintiff was guilty of contributory negligence. Only one alleged error in the reception of evidence requires consideration. A witness called by the defendant was permitted to testify that he heard the defendant say to a State trooper after the accident that he did not know the plaintiff passenger's name. Over the plaintiffs' objection the court permitted this testimony but instructed the jury that it was not binding on the plaintiffs. Defendant had been called as a witness by the plaintiffs but was not sworn in his own behalf. On his direct examination he testified that he was acquainted with the plaintiff passenger. The disputed testimony as to what he said after the accident contradicted his testimony given as a witness for the plaintiffs, and tended to impugn his credibility. Technically, however, the rule against impeachments applies only to a witness called by the party who seeks to impeach. It should not be applied here because the defendant did not take the stand in his own behalf. In any event, under the court's specific instructions to the jury, the disputed testimony was valueless except as it tended to prove that defendant was unworthy of belief. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, p. 845.] [See *post*, p. 845.]