■ SCOTT VAN GUILDER, Appellant, v SANDS HECHT CONSTRUCTION CORP., Respondent and Third-Party Plaintiff-Respondent. ANTRO CONSTRUCTION CORP, Third-Party Defendant-Respondent. [659 NYS2d 439] —Judgment, Supreme Court, New York County (Dominick Viscardi, J., and a jury), entered April 12, 1996, insofar as appealed from, awarding damages in an action under Labor Law § 240 (1) of $30,000 for past pain and suffering, $25,000 for past lost earnings and $0 for future pain and suffering and future lost wages, unanimously affirmed, without costs.

Ample evidence justified the trial court's mitigation charge instructing the jury to consider whether a reasonably prudent person in plaintiff's position would have undergone a myelogram. Plaintiff's own treating physician, an orthopedist, repeatedly recommended a myelogram, which he termed a more "definitive test" necessary to make a proper diagnosis and decision whether surgery was indicated, and testified that if surgery were indicated, plaintiff would have been better off had it been performed soon after the accident since there was a possibility of irreparable nerve damage in the intervening nine years. While there was evidence that the test posed certain risks, it was properly left to the jury to decide whether plaintiff's objection to the test and to possible surgery thereafter was reasonable (*see, Matter of Zanotti v New York Tel. Co.*, 48 AD2d 192). In this regard, we note evidence of plaintiff's failure to attend physical therapy as prescribed by his doctor and to seek employment of any kind in the nine years since the accident. Plaintiff's related claim that the trial court erred in instructing the jury that he refused to take the myelogram when the evidence did not show that he had been authorized to do so by

the Workers' Compensation Board is also without merit, the court having only charged the jury to decide whether plaintiff refused to take the myelogram, and plaintiff in any event having initially admitted that he had received such authorization but "panicked" and went to another doctor to have a bone scan instead.

The verdict does not materially deviate from what is reasonable compensation (CPLR 5501 [c]). The medical testimony was in conflict as to whether plaintiff sustained a herniated disc as claimed, and even plaintiff's physician was hesitant in making that diagnosis, stating that he needed more information. In addition, aspects of plaintiff's own testimony bearing upon his post-accident lifestyle were inconsistent with his claim of permanent disability, and the jury was given alternate explanations for the cause of his pain. While plaintiff testified that he was unable to work, three doctors, including his own treating physician, testified that he was able to perform some type of work without surgery, and there was evidence that plaintiff was interviewed only once by a vocational counselor, and that he never sought alternative forms of work or returned to school for retraining in the nine years since the accident. Concur— Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.