[910 NE2d 982, 883 NYS2d 153]

DONNA M. LANG, Respondent, v JAMES P. NEWMAN et al., Defendants, and RUSSELL J. FIRMAN, Appellant.

Argued May 7, 2009; decided June 9, 2009

### APPEARANCES OF COUNSEL

*Phelan, Phelan & Danek, LLP*, Albany (*Timothy S. Brennan* of counsel), for appellant.

*Robert E. Lahm, PLLC*, Syracuse (*Robert E. Lahm* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Plaintiff was transported to a hospital in January 2003 after awakening with numbness on the left side of her body, slurred speech and facial drooping. After arriving in the emergency room, she also developed a headache. Plaintiff was initially treated by defendant James P. Newman, D.O., but his shift ended and defendant Russell J. Firman, M.D., assumed plaintiff's care. Dr. Firman ordered a CT scan but the test did not definitively rule out the possibility that there was bleeding in plaintiff's brain. A routine neurological examination revealed no abnormalities and plaintiff was administered medication to treat her headache. Plaintiff declined a more invasive procedure to determine if her brain was bleeding and was subsequently discharged with the final diagnosis of a migraine headache.

Shortly after her discharge, plaintiff was examined by her primary care physician, who believed plaintiff may have been experiencing a stroke. Plaintiff was sent to a hospital in Syracuse where an MRI test indicated that she had suffered an ischemic stroke on the right side of her brain. Shortly thereafter, she was admitted to a different hospital where she was given anticoagulant medication to lessen the clotting of her blood and decrease the possibility of a second stroke. As a result of her stroke, plaintiff suffered permanent injuries.

Plaintiff commenced this action against Drs. Newman and Firman, and their medical groups. Although the jury determined that Firman was not liable for failing to administer an anticoagulant drug, it found him liable for failing to admit plaintiff to the hospital and that such negligence was a substantial factor in causing her injuries. The other defendants were found not liable. Plaintiff was awarded $300,000 in dam-

ages for past pain and suffering. The Appellate Division affirmed over a two-Justice dissent, concluding that the verdict was supported by legally sufficient evidence. We agree.

Evidence is legally insufficient to support a verdict if "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Plaintiff's expert testified that if Firman had admitted plaintiff to the hospital rather than discharging her, the stroke would have been diagnosed, she would have been given an anticoagulant, and the failure to administer that medicine resulted in "a little larger stroke than she should have had if she was properly treated." Despite the fact that the expert also stated that it was "very hard to quantify" precisely how much additional damage plaintiff suffered as a result of Firman's negligence, we cannot say that the jury's finding of liability on this theory was "utterly irrational" (*id.*) or that no basis of proof existed to support the verdict. Consequently, the verdict was based on legally sufficient evidence.

Finally, Firman's challenge to the consistency of the verdict is unpreserved and there is no merit to his contention that the damages were speculative.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.