█ FRANKLIN GUZMAN, Appellant, v SPRING CREEK TOWERS, INC., et al., Respondents. [882 NYS2d 278]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Partnow, J.), dated March 19, 2007, which, upon the granting of the motion of the defendant Grenadier Realty Corp. pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, and upon a jury verdict on the issue of liability in favor of the defendants Spring Creek Towers, Inc., R. Junior Contracting, Inc., and Buono Contracting, Inc., is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court properly admitted into evidence photographs of a barrier similar to the barrier used at the construction site near the location of the plaintiff's accident, since there was testimony that the photograph fairly and accurately represented the barrier used at the time of the accident (*see Shalot v Schneider Natl. Carriers, Inc.,* 57 AD3d 885, 886 [2008]; *Cubeta v York Intl. Corp.,* 30 AD3d 557, 561 [2006]; *Kartychak v Consolidated Edison of N.Y.,* 304 AD2d 487 [2003]).

Additionally, the trial court did not improvidently exercise its discretion in allowing two emergency medical technicians to testify, despite the defendants' failure to include their names on a witness list. There was no evidence that this omission was willful, and any prejudice to the plaintiff was minimal since the plaintiff had access to the ambulance report and the technicians (*see Castracane v Campbell,* 300 AD2d 704, 706 [2002]; *Alber v State of New York,* 252 AD2d 856, 857 [1998]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.