■ ANNE CHASE, Respondent, v OHM, LLC, et al., Appellants. [907 NYS2d 80]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Meddaugh, J.), entered October 19, 2009 in Sullivan County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this negligence action against defendants, which are the property owner and operator of a hotel in the Village of Monticello, Sullivan County, where plaintiff allegedly fell on snow or ice in the parking lot on the morning of December 15, 2005. Plaintiff, 80 years old at the time of that fall, suffered a, supracondylar fracture of her right distal femur requiring open reduction and internal fixation using a, supracondylar femoral plate and inpatient rehabilitation. On January 13, 2006, the day she was discharged from the rehabilitation center, plaintiff fell at home while attempting to transfer from her

wheelchair to a walker and sustained a displaced right distal radius fracture of her wrist, which was treated with closed manipulative reduction and a short-arm cast. Since she lived alone and could not ambulate with a broken leg and wrist, plaintiff was admitted to the hospital and subsequently transferred to an adult care facility until March 27, 2006, after which she was discharged to her home. In May 2008, the femoral plate in plaintiff's leg failed and it was discovered that plaintiff had a nonunion of the bone, requiring a second operation to remove the broken plate and replace it with a metal rod bridging the nonunion, followed by several months of additional inpatient rehabilitation.

Following a trial, a jury found defendants liable, with no comparative negligence, and awarded plaintiff $400,000 for past pain and suffering and $442,000 for future pain and suffering for a period of 8.5 years. In addition, the parties stipulated to recoverable medical costs of $135,544.53, resulting in a total award of $977,544.53. Defendants appeal* and we affirm.

Initially, defendants contend that Supreme Court erred in denying their motion for a directed verdict, claiming that plaintiff did not demonstrate the cause of her fall, and that other evidence regarding causation was insufficient or improperly admitted. We disagree. Plaintiff testified that on the day of her injury she got out of her car and "slipped and fell." Although she could not specify what caused her fall, she assumed that it was snow or ice. Photographs of the area taken a few hours after plaintiff fell, as well as testimony from defendants' principal and others, confirmed that the parking lot was covered with patchy snow and ice. Furthermore, the emergency medical technician testified, among other things, that the slippery condition of the parking lot in the area where plaintiff fell made it difficult to transport plaintiff to the ambulance. In addition, meteorological evidence established that between December 13, 2005 and the evening of December 15, 2005 freezing temperatures existed and no precipitation fell. Viewed in a light most favorable to plaintiff as the nonmoving party, the record establishes that the evidence presented and the inferences to be drawn therefrom provide a valid line of reasoning from which the jury could reach its conclusion (see Lang v Newman, 12 NY3d 868, 870 [2009]; Nolan v Union Coll. Trust of Schenectady, N.Y., 51 AD3d 1253, 1255 [2008], lv denied 11 NY3d 705 [2008]). Furthermore, the evidence does not so preponderate in favor of defendants that the verdict, including the lack of comparative

---

* Defendants each brought third-party actions that were dismissed prior to trial and are not at issue in this appeal.

fault on the part of plaintiff, could not be reached upon a fair interpretation of the evidence (*see Nolan v Union Coll. Trust of Schenectady, N.Y.,* 51 AD3d at 1255).

With respect to defendants' challenges to the testimony of certain witnesses, we are unpersuaded that the admission requires reversal. First, defendants claim that the testimony of Carolyn Rodriguez, an emergency medical technician and driver of the ambulance that responded to plaintiff's fall, should have been excluded given plaintiff's belated disclosure of her as a witness. However, we note that there was no evidence of any willfulness on plaintiff's part and any prejudice was minimal in that the ambulance report that included Rodriguez's name had previously been disclosed along with the other medical records (*see Guzman v Spring Cr. Towers, Inc.,* 63 AD3d 1105 [2009]; *Alber v State of New York,* 252 AD2d 856, 857 [1998]). Concerning defendants' challenge to the testimony of Ronald Palson, whose company defendants contracted with to plow and sand the parking lot, the record indicates that such testimony was presented solely to impeach the credibility of one of defendants' principals in connection with his affirmative representation regarding a material issue in the case. Supreme Court appropriately instructed the jury to that effect (*see Martin v Clark,* 47 AD3d 981, 983 [2008]; *see also Van Epps v Carpenter,* 282 App Div 799, 800 [1953]), and any testimony regarding subsequent remedial measures was stricken along with an instruction to the jury to disregard it. Lastly, despite the absence of a narrative report by plaintiff's treating physician, Bradley Wiener, the court did not abuse its discretion in permitting him to testify as to the prognosis and permanency of plaintiff's injuries (*see Langhorne v County of Nassau,* 40 AD3d 1045, 1047 [2007]; *Hughes v Webb,* 40 AD3d 1035, 1036-1037 [2007]; *Iasello v Frank,* 257 AD2d 362, 363 [1999]; *see also* CPLR 3101 [d] [1] [i]; 22 NYCRR 202.17 [h]). There could be no claim of surprise or prejudice inasmuch as Wiener's testimony related only to the consequences and permanency of the injuries resulting from plaintiff's fall that were identified in the previously-disclosed medical records, and for which defendants' own expert provided similar testimony.

Next, we find no error in Supreme Court submitting a circumstantial evidence charge to the jury. Plaintiff's proofs were sufficient to provide a rational basis upon which the jury could reach its verdict based not upon speculation but upon the logical inferences to be drawn from the evidence presented (*see Schneider v Kings Hwy. Hosp. Ctr.,* 67 NY2d 743, 744 [1986]; *Staples v Sisson,* 274 AD2d 779, 781 [2000]). Nor are we

persuaded that the propriety or order of the initial two interrogatories contained in the jury sheet were erroneous or prejudicial, and we find no basis to warrant a finding that any alleged error in the jury sheet led to juror confusion resulting in an inability to reach a proper determination (*see Alvarado v Dillon*, 67 AD3d 1214, 1215-1216 [2009]; *Szeztaye v LaVacca*, 179 AD2d 555, 555-556 [1992]).

Finally, we find that the jury award did not deviate materially from what would be reasonable compensation for the significant injuries sustained so as to warrant modification thereof (*see* CPLR 5501 [c]). Plaintiff, a healthy, active, independent 80-year-old woman at the time of her injury, incurred not only the physical trauma and scarring from her two falls, orthopedic hardware failure, two surgeries, a closed manipulative reduction, the associated protracted rehabilitation periods, a permanent decrease in the range of motion, grip strength and dexterity of her right hand and shortening of her right femur resulting in a limp, but was also significantly impacted in her lifestyle in that, among other things, she is no longer able to volunteer at the hospital, drive her car, ambulate without a walker or participate in trips with her family and friends. Under the particular circumstances herein, the award was not excessive.

Defendants' remaining contentions have been reviewed and found to be without merit.

Mercure, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.