■ ZEEV KRIMKEVITCH, Appellant, v JOANNE M. IMPERIALE, Respondent. [960 NYS2d 483]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 1, 2011, which, after a jury trial on the issue of damages only, and upon a jury verdict finding that he sustained damages in the sum of only $10,000 for past pain and suffering and no damages for future pain and suffering and future medical expenses, denied his motion pursuant to CPLR 4404 (a) to set aside the jury verdict as to past and future pain and suffering and future medical expenses and for a new trial on the issue of damages.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as to past and future pain and suffering and future medical expenses and for a new trial on the issue of damages is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.

Contrary to the plaintiff's contention, the Supreme Court properly permitted an emergency medical technician (hereinafter EMT) to testify at trial despite untimely disclosure of this witness, as there was no evidence of willfulness or prejudice (*see Chase v OHM, LLC*, 75 AD3d 1031, 1034 [2010]; *Guzman v Spring Cr. Towers, Inc.*, 63 AD3d 1105 [2009]). In fact, the plaintiff had subpoenaed the ambulance call report about which the EMT testified, and was in possession of this document prior to trial.

In addition, contrary to the plaintiff's contention, it was not error to charge the jury with respect to whether he failed to mitigate his damages, even though the defendant failed to plead the plaintiff's failure to mitigate his damages as an affirmative defense in her answer. The plaintiff's failure to follow a prescribed course of physical therapy that was to have been administered at his doctor's office, which was the basis of the defendant's contention, first came to light at trial, and the plaintiff's trial testimony in this regard was in direct conflict

with his earlier deposition testimony. Under these circumstances, the mitigation charge was proper, as there was sufficient evidence in the record to support it (*see Eskenazi v Mackoul*, 72 AD3d 1012, 1014 [2010]; *Van Guilder v Sands Hecht Constr. Corp.*, 240 AD2d 318, 318-319 [1997]; *see also Florsz v Ogruk*, 184 AD2d 546, 547 [1992]).

However, the Supreme Court improvidently exercised its discretion in permitting Dr. Anthony Spataro, an orthopedic surgeon, to testify that the plaintiff's injuries were caused solely by a preexisting condition rather than the subject automobile accident. Dr. Spataro's conclusion was first reached in his amended report, which was exchanged immediately before trial, in violation of CPLR 3101 (d). "This was a new theory not previously disclosed, which the plaintiff[ ] had no opportunity to prepare to rebut" (*Caccioppoli v City of New York*, 50 AD3d 1079, 1080 [2008]). The amended report contradicted Dr. Spataro's earlier reports, in which he concluded that the accident aggravated the plaintiff's preexisting condition. The defendant failed to demonstrate good cause for her failure to timely comply with CPLR 3101 (d) (*see Caccioppoli v City of New York*, 50 AD3d at 1080; *Durant v Shuren*, 33 AD3d 843, 844 [2006]; *Lissak v Cerabona*, 10 AD3d 308, 309-310 [2004]; *Gregory v Mulligan*, 266 AD2d 344, 344-345 [1999]). This error was not harmless. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.

The plaintiff's remaining contentions have been rendered academic in light of our determination. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.