Rivera v New York City Hous. Auth. (2019 NY Slip Op 08366)





Rivera v New York City Hous. Auth.


2019 NY Slip Op 08366


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Manzanet-Daniels, J.P., Tom, Kapnick, Gesmer, Singh, JJ.


10371N 305933/13

[*1] Justin Rivera, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for appellant.
Burns & Harris, New York (Judith S. Steinberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about June 13, 2018, which, to the extent appealed from, denied defendant's motion to preclude plaintiff's engineering expert from offering his report and to direct plaintiff to provide all materials used by his expert in the preparation of his report, unanimously affirmed, without costs.
"Preclusion of expert evidence on the ground of failure to give timely disclosure, as called for in CPLR 3101(d)(1)(i), is generally unwarranted without a showing that the noncompliance was willful or prejudicial to the party seeking preclusion" (Martin v Triborough Bridge & Tunnel Auth., 73 AD3d 481, 482 [1st Dept 2010], lv denied 15 NY3d 713 [2010]). "Prejudice can be shown where the expert is testifying as to new theories, or where the opposing side has no time to prepare a rebuttal" (Haynes v City of New York, 145 AD3d 603, 606 [1st Dept 2016]; see Krimkevitch v Imperiale, 104 AD3d 649 [2d Dept 2013]).
Here plaintiff withheld information about an expert he retained and who performed a comprehensive inspection and report before the demand for expert disclosure was served, failed to disclose this in response to such demand, and continued to withhold such information over the course of many court conferences and the years that the case was pending. He offers no excuse for his delay or for having served a response to defendant's expert disclosure demand that was arguably misleading.
However, when plaintiff eventually did disclose the expert, it was not on the eve of trial (see Haynes, 145 AD3d at 604; Ramsen A. v New York City Hous. Auth., 112 AD3d 439 [1st Dept 2013]; see also Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3101:29A[B]). His disclosure was made on or about March 9, 2018, about six weeks before the originally-scheduled trial date of April 30, 2018, a lead time further expanded with the court's 60-day adjournment (cf. Kassis v Teachers Ins. & Annuity Assn., 258 AD2d 271 [1st Dept 1999]). Moreover, notwithstanding defendant's claims to the contrary, plaintiff's expert did not advance a different theory of liability from that which plaintiff had previously advanced.
The engineer did invoke statutes while plaintiff previously alleged common law negligence, but the underlying alleged conduct is consistent with plaintiff's broad allegations as to defendant's failure to maintain a safe staircase. The notice of claim and bill of particulars encompass a host of possible defects or dangerous conditions, and the complaint, also written broadly, further includes a catch-all "otherwise" in describing the ways in which defendant was negligent. The engineer's findings, moreover, were consistent with plaintiff's deposition testimony about a broken stair, a slippery surface, and poorly-lit area; and even while citing statutory violations, he frames defendant's conduct as constituting negligence (see Hughes v Concourse Residence Corp, 62 AD3d 463 [1st Dept 2009]). In turn, defendant does not show prejudice due to the untimely disclosure, and the trial court properly denied the motion to preclude (see e.g. Alcantara-Pena v Shanahan, 168 AD3d 550 [1st Dept 2019]).
Defendant also fails to show grounds to disturb the court's denial of its motion to direct plaintiff to turn over materials relied on by his expert. Defendant claims it is entitled to these [*2]materials because, given the passage of time, any expert it would retain now would not be inspecting premises that resemble the premises at the time of the accident. However, defendant does not adequately explain its failure to timely retain an expert of its own.
It asserts, in its reply brief, that it did not do so because the case was initially framed as having resulted from a broken step and experts are not typically retained in broken step cases. Even were we to consider this newly-raised point, we would reject it. Plaintiff, from the outset, described his injuries as having resulted from a combination of factors including but not limited to a broken step. Moreover, defendant does not explain the basis for its claim that experts are not typically retained in personal injury matters involving only broken steps, and case law suggests otherwise (see e.g. Brandwein v New York City Tr. Auth., 14 AD3d 396 [1st Dept 2005]). Lastly, defendant fails to specify the nature of the changes to the premises over time. To the extent such changes were due to repairs at the site, such changes would have presumably been made by defendant itself, the owner, and plaintiff should not be penalized for defendant's decision to have done so.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK