Starr Indem. & Liab. Co. v Monte Carlo, LLC (2025 NY Slip Op 50527(U))

[*1]

Starr Indem. & Liab. Co. v Monte Carlo, LLC

2025 NY Slip Op 50527(U)

Decided on April 11, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
Supreme Court, New York County

Starr Indemnity & Liability Company, Plaintiff,

against
Monte Carlo, LLC, DORCHESTER, LLC, GREAT AMERICAN INSURANCE COMPANY, MAIN STREET, L.I., LLC, Defendant.

Index No. 651045/2013

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 035) 1440, 1441, 1442, 1443, 1444, 1445, 1446, 1447, 1448, 1449, 1450, 1451, 1452, 1453, 1454, 1455, 1458, 1459, 1460, 1461, 1462, 1463, 1464, 1465, 1466, 1467, 1468, 1469, 1470, 1471, 1472, 1473, 1474, 1475, 1476, 1477, 1478, 1479, 1480, 1481, 1482, 1483, 1484, 1485, 1486, 1487, 1488, 1489, 1490, 1491, 1492, 1493, 1494, 1495, 1496, 1497, 1498, 1499, 1500, 1501, 1502, 1503, 1504, 1505, 1506, 1507, 1508, 1509, 1510, 1511, 1512, 1513, 1514, 1516 were read on this motion to QUASH SUBPOENA, FIX CONDITIONS.
This is an action to determine the scope of a commercial insurance policy and liability for the parties' dealings under the policy. Trial is scheduled to commence on July 9, 2025. In motion sequence number 035, plaintiff/counterclaim defendant Starr Indemnity moves to quash four trial subpoenas served on nonparty witnesses. For the foregoing reasons, Starr's motion is denied.
CPLR 3101 requires full disclosure of all material and necessary in the prosecution or defense of an action. "[A]n application to quash a subpoena should be granted 'only where the futility of the process to uncover anything legitimate is inevitable or obvious' or where the information sought is utterly irrelevant to any proper inquiry'" (Anheuser-Busch, Inc. v Abrams, 71 NY2d 327 [1988]). The burden of establishing the irrelevance of the discovery sought rests with the party who moves to quash (Kapon v Koch 23NY3d 32, 39 [2014]).
Here, Starr is not arguing that the testimony of the four identified witnesses is irrelevant to the issues to be addressed at trial. Instead, Starr contends that the testimony of the four noticed witnesses should be precluded because Dorchester failed to disclose the individuals promptly. In essence, Starr argues that the untimely designation of the trial witness prejudices Starr so significantly that preclusion is warranted.
In opposition, defendants/counterclaim plaintiffs refute the grounds of Starr's motion and argue that the motion was filed pretextually to preclude admissible testimony. According to defendants, the witnesses were properly noticed. The disclosure identifying them was provided in July of 2024, one year before the scheduled trial date, and supplemented several months later [*2]in October 2024. Defendants refute the argument that the witness disclosure was untimely and submit that the disclosures complied with all Commercial Division and Part 43 practices and procedures.
On this application, the court is not persuaded that defendants' disclosure of their trial witnesses, made nine months before the scheduled trial date, is untimely or subject to preclusion. There is no evidence before the court of a substantial lack of diligence, or of willful conduct prejudicial to Starr (Mayorga v Jocarl & Ron Co., 41 AD3d 132, 134 [1st Dept 2007][preclusion of plaintiff's trial witness upheld due to plaintiff's utter lack of due diligence]; Guzman v Spring Creek Towers, Inc., 63 AD3d 1105 [2d Dept 2009][the trial court did not improvidently exercise its discretion in allowing two [witnesses] to testify, despite the defendants' failure to include their names on a witness list; [t]here was no evidence that this omission was willful, and any prejudice to the plaintiff was minimal]).
Neither does the record establish that compliance with the subpoena would be 'futile' or would otherwise lead to the disclosure of irrelevant information (Anheuser-Busch, Inc., 71 NY2d at 327 [a motion to quash a subpoena should be granted 'only where the futility of the process to uncover anything legitimate is inevitable or obvious' or where the information sought is utterly irrelevant to any proper inquiry'"]). Starr did not challenge the substance of the testimony, and the court does not find sufficient cause to preclude the testimony at this juncture. 
Accordingly, it is hereby
ORDERED that Starr's motion to quash is denied in its entirety (motion seq. no. 035); and it is further
ORDERED that the parties are directed to schedule a de bene esse deposition to preserve, for potential use at trial, the testimony of the Hon. James M. Wicks to be held on a date and time convenient for all parties but no later than June 25, 2025.
DATE April 11, 2025
ROBERT R. REED, J.S.C.